S. W. ISLER v. GOLDSBORO LUMBER COMPANY.

(Filed 26 February, 1908).

1. **Contracts — Timber—Measurement—When Cut—Evidence—Contradictory—Uncertain.**

When a timber conveyance specifies that the trees shall measure 12 inches "when cut," it was error in the court below to hold that the defendant could cut trees upon the land described that would grow to 12 inches within the time limit of the contract; 1, as being contradictory of the express terms of the contract; 2, as being too uncertain of proof.

2. **Same—Measurement—Test.**

The test as to timber being 12 inches "when cut" is to ascertain the correct measurement of the stump.

3. **Appeal and Error—New Trial as to One Issue.**

When error in the trial of a cause affects only one issue and a new trial is ordered, it will be granted only as to that issue.

CIVIL ACTION, tried before *Lyon, J.,* and a jury, at November Term, 1907, of the Superior Court of JONES County.

From judgment for defendant plaintiff appealed.

The facts sufficiently appear in the opinion of the Court.

*Rouse & Land* and *H. E. Shaw* for plaintiff.

*Thomas D. Warren* and *Simmons, Ward & Allen* for defendant.

CLARK, C. J.    This action is for damages for the wrongful cutting of timber.    The defendant's contract permitted the

cutting of timber not less than 12 inches in diameter 24 inches above the ground, *when cut,* and the right to cut was to continue for ten years from the date of the contract, 21 October, 1899. The evidence of plaintiff tended to show that the defendant had cut and removed trees under the specified size of 12 inches in diameter.

The exception of the plaintiff is to the charge of the court, that the plaintiff could not recover damages for cutting such trees as would have grown to the size of 12 inches in diameter by the end of the defendant's term, on 21 October, 1909. This was erroneous, for two reasons: (1) it was contrary to the express terms of the contract, which conferred the right to cut only as to trees 12 inches in diameter "when cut"; (2) it would be speculative to endeavor to show by evidence what trees less than 12 inches in diameter when cut would or would not have reached that diameter before the expiration of the lease. The only valid test is to lay a rule across the stump to show whether or not the tree measured 12 inches in diameter "when cut."

When the contract for sale of standing timber did not specify when the diameter should be measured, the purchaser, it was held, could cut only such trees as had attained the prescribed diameter at the date of the contract. *Warren v. Short,* 119 N. C., 39. The difficulty of showing diameter at date of contract as to trees barely over the prescribed size when cut was such a burden on vendees that, as a protection to them, contracts now usually specify that the diameter of the trees shall be as prescribed, "when cut." The vendor is entitled to the same protection of certainty which has been given to the vendee by the insertion of the words "when cut."

The vendee had a right to cut any trees which, at any time during its term, should have actually reached the stipulated size, but not before. *Hardison v. Lumber Co.,* 136 N. C., 176; *Lumber Co. v. Corey,* 140 N. C., 470.

As this error affects only the fourth issue, a new trial is granted only as to that issue. *Benton v. Collins,* 125 N. C., 90, and cases cited.

Partial New Trial.