(No. 11744.—Appellate Court reversed; superior court affirmed.)
ALOIZY ROSZEK, Appellant, *vs.* THE BAUERLE & STARK
COMPANY, Appellee.

*Opinion filed February 20, 1918—Rehearing denied April 4, 1918.*

WORKMEN'S COMPENSATION—*when a minor is unlawfully employed and not under the Workmen's Compensation act.* A minor between the ages of fourteen and sixteen years employed to operate sand-paper machinery in a manufacturing establishment in violation of the Child Labor act of 1903 is not legally employed within the meaning of paragraph 2 of section 5 of the Workmen's Compensation act of 1913, and a suit at law will lie to recover damages for injury to such employee while so employed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding.

DAVID K. TONE, FRANK A. ROCKHOLD, and WEYMOUTH KIRKLAND, for appellant.

FYFFE, RYNER & DALE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, Aloizy Roszek, (hereafter called plaintiff,) by his father as next friend, brought suit against appellee, the Bauerle & Stark Company, (hereafter called defendant,) in the superior court of Cook county. The declaration alleged the defendant on March 2, 1914, was engaged in the manufacture of sewing machines and in the prosecution of such business was operating sand-paper machines, with rollers and gears; that plaintiff on such date was fifteen years of age and contrary to the statute was employed by defendant to work at and about such a machine, and that while so working plaintiff's right hand was caught between the rollers of said machine and injured, to the damage of plaintiff in the sum of $10,000. During the trial an amendment to

the declaration was added that plaintiff was otherwise disabled, both internally and externally. Defendant filed a plea of the general issue, and also a special plea setting up the defense that plaintiff could not maintain his action at law because the parties were operating under the provisions of the Workmen's Compensation act of Illinois. Plaintiff filed a demurrer to the special plea, which was sustained. A trial was had before a jury, which resulted in a verdict and judgment in favor of plaintiff in the sum of $3000. Defendant perfected an appeal to the Appellate Court for the First District, where the judgment of the superior court was reversed on the ground the superior court was without jurisdiction and that plaintiff's sole remedy was under the Workmen's Compensation act. The Appellate Court granted a certificate of importance, and the cause has been brought to this court by appeal.

It is not controverted that plaintiff was less than sixteen years of age at the time of the injury; that his right hand was caught in the rollers of the machine he was operating and his fingers crushed, necessitating the amputation of the third finger at the second joint and leaving the little finger stiff; that defendant was operating under the Workmen's Compensation act, and that plaintiff had never elected not to be bound by the provisions of said act. Plaintiff contended, and offered evidence to prove, that as a result of the injury an infection set in, necessitating plaintiff being taken to a hospital; that he became seriously ill; that lung trouble, fever, and later tuberculosis, developed in regular sequence after the injury and as a result thereof.

The question to be determined is whether or not the parties were operating under and bound by the provisions of the Workmen's Compensation act. If they were, then the superior court did not have jurisdiction. It is admitted defendant was operating under the act. Plaintiff was a minor fifteen years of age and had not elected not to be bound by the act.

Paragraph 2 of section 5 of the Workmen's Compensation act (Hurd's Stat. 1916, p. 1274,) provides: "Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, and minors who are legally permitted to work under the laws of the State, who, for the purpose of this act, shall be considered the same and have the same power to contract, receive payments and give quittances therefor, as adult employees."

The Child Labor act, (Hurd's Stat. 1916, p. 1239,) by paragraph 20, provides no child under the age of fourteen years shall be employed in certain named occupations, which include manufacturing establishments. Paragraph 20c provides that no child under sixteen years of age and over fourteen shall be employed in various lines of industry mentioned, including manufacturing establishments, unless there is first produced and placed on file in such establishments and accessible to the State factory inspector an age and school certificate, as prescribed in paragraph 20d. Paragraph 20j of said act provides no child under the age of sixteen years shall be employed at certain kinds of work, (naming them,) among which is operating or assisting in operating sand-paper machinery.

Plaintiff was over fourteen years of age at the time of the injury, hence was old enough to be employed by defendant. He was under sixteen years of age, however, and was not old enough to be employed in operating sand-paper machines. Plaintiff contends he was not "legally permitted to work" at such employment, and for that reason is not an "employee," as defined by section 5 before set out. A penalty is provided against any person, firm, corporation, agent, manager, superintendent or foreman of any firm or corporation for a violation of the Child Labor law.

Plaintiff was between the ages of fourteen and sixteen years and might legally be employed in a manufacturing establishment, though not to work with certain appliances or machinery, including sand-paper machines, but he could not

be legally employed without the permit required by law of minors between the ages of fourteen and sixteen years. No such permit was obtained by plaintiff authorizing his employment in defendant's factory for any purpose, and, as we understand the definition of employees made subject to the Workmen's Compensation act by section 5 of said act, it embraces only minors who are· legally permitted to work. A minor under the age of fourteen years could not lawfully be employed to work in a manufacturing establishment, and if employed contrary to law and injured while so employed he could not be regarded as an employee within the provisions of the Workmen's Compensation act. · The same rule applies where a minor between the ages of fourteen and sixteen years is working without a permit having been obtained. In both cases the employment is unlawful.

Both phases of this question have been passed upon by the Supreme Court of Wisconsin under a statute substantially identical with section 5 of the Workmen's Compensation act of this State. In *Foth* v. *Macomber & Whyte. Rope Co.* 161 Wis. 549, the plaintiff was of an age where he could, subject to the requirements of the Child Labor law, be employed in defendant's factory for some purposes. While it is not expressly so stated, we understand from the statement of the case and from the opinion that he was lawfully employed by defendant but that at the time of his injury he was engaged at work he was prohibited from being employed to do. He sued defendant for damages in an action at law, and one of the defenses interposed was that he was legally permitted to work for hire under the laws of Wisconsin and was therefore subject to the provisions of the Workmen's Compensation act notwithstanding he was injured while doing work he could not legally be employed or permitted to do. This defense was sustained and the plaintiff was held not to be entitled to recover in an action at law.

In *Stetz* v. *Mayer Boot and Shoe Co.* 163 Wis. 151, the plaintiff was a boy between fourteen and sixteen years of age. The statute of Wisconsin forbade the employment of children of that age in any factory or workshop unless there was first obtained from the commissioner of labor or other specified persons a written permit authorizing the employment of such child. Plaintiff was employed by defendant without such permit having been obtained and while so employed received injuries, on account of which he brought a suit in an action at law to recover damages. Defendant contended that the Workmen's Compensation act applied and that the suit at law could not be maintained. The court held contrary to defendant's contention, basing its holding on the ground that no permit for the employment of plaintiff having been obtained he was not legally permitted to work, and that, his employment being unlawful, he was not within the provisions of the Workmen's Compensation act. We do not understand that case to overrule or modify the *Foth case.* In the *Stetz case* the court referred to the *Foth case* as having been correctly decided because in that case the minor was legally employed and permitted to work in the employer's factory though not to work at the machine by which he was injured, while in the *Stetz case* the employment was unlawful for any purpose because no permit had been obtained as required by law.

In this case the plea did not aver that any permit had been obtained authorizing plaintiff's employment for any purpose, and, as we understand the record, the proof shows no such permit was obtained. Without such permit he was no more legally permitted to work in defendant's factory than would be a minor under fourteen years of age. In the one case a minor is not legally permitted to work at all, while in the other he is only legally permitted to work upon obtaining the permit required by the Child Labor law. If plaintiff was not legally permitted to work he is not embraced within the provisions of the Workmen's Compensa-

282 – 36

tion act and his action to recover damages was properly brought. *American Car Co.* v. *Armentraut,* 214 Ill. 509; *Strafford* v. *Republic Iron Co.* 238 id. 371; *Beauchamp* v. *Sturges & Burn Manf. Co.* 250 id. 303.

The judgment of the Appellate Court is reversed and the judgment of the superior court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of superior court affirmed.*