(No. 12674.—Judgment affirmed.)

FRANK MOLL, Plaintiff in Error, vs. THE INDUSTRIAL COM-
MISSION et al.—(THE ILLINOIS CLAY PRODUCTS COM-
PANY, Defendant in Error.)

*Opinion filed June 18, 1919.*

WORKMEN'S COMPENSATION—*Compensation act does not apply
to minors who are illegally employed.* By section 6 of the Child
Labor act of 1897 it is illegal to employ any child under sixteen
years in an extra-hazardous employment, and where such child is
employed in an occupation declared to be extra-hazardous by the
Workmen's Compensation act the employment is illegal and the act
does not apply in case the child is injured in such employment.

WRIT OF ERROR to the Circuit Court of LaSalle county;
the Hon. SAMUEL C. STOUGH, Judge, presiding.

J. E. MALONE, JR., for plaintiff in error.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON,
for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Frank Moll was employed June 19, 1916, by Arthur
Corbin, a farmer, to work on the farm at a wage of $22
per month, with board and lodging. He did the ordinary
farm work on Corbin's farm until August 16, 1916, when
Corbin made a contract with the Illinois Clay Products
Company to strip or remove the top surface of earth from
a stratum of clay the Clay Products Company was mining
and shipping to market. Moll was paid by Corbin the $22
per month wages while he worked on the job at the Clay
Products Company's mine and Corbin was paid by the com-
pany. The removal of the top surface from the clay was
done under and in accordance with the directions of the
Clay Products Company, with plows and scrapers furnished
by the company. Moll began work at the company's mine

August 16, 1916, and continued to work there until September 19. Most of the time he was engaged in stripping earth from the clay, but occasionally, when directed by officers of the company to do so, did some other kind of work about the mine. While engaged in the work at the company's mine Moll lodged and boarded at Corbin's and performed chores there mornings and evenings. On the 19th of September, while driving a team hitched to a plow which Jones, president of the company, was riding to make it sink deeper in the ground, a chain attached to the whiffle-tree broke and the whiffle-tree flew back, striking Moll's right leg, breaking both bones above the ankle. A physician was called by the president of the company and Moll was removed to a hospital, where the fracture was set and where he could receive proper attention. He remained in the hospital until November 24, and claims he was totally disabled until the 10th of May following, and that there is a permanent partial disability. He made application for an award under the Workmen's Compensation act against the Clay Products Company. Moll was not sixteen years old at the time of his injury. He was born October 26, 1900, and was sixteen years old the 26th of October following his injury on the 19th of September. The arbitrator who heard the application denied it, and on review by the Industrial Commission that body affirmed the decision of the arbitrator. The cause was removed to the circuit court for review by *certiorari.* That court affirmed the decision of the Industrial Commission and certified the case was one proper to be reviewed by this court.

At the hearing before the arbitrator it was admitted defendant in error and its employees were under and subject to the Workmen's Compensation act, but it was and is denied that plaintiff in error was an employee of defendant in error, the claim being that he was the employee of an independent contractor. Liability to pay compensation was also denied on the further grounds that the employ-

ment of the plaintiff in error at the time of his injury was casual, and also because he was under sixteen years of age and was engaged in work he could not legally be employed to do.

Plaintiff in error contends (1) that he was an employee of defendant in error at the time of his injury; (2) that if he was not, then under section 31 of the Workmen's Compensation act defendant in error is liable because of its failure to require Corbin to insure his liability to pay compensation; (3) that the employment was not casual; (4) that the statute in force at the time of the injury did not prohibit plaintiff in error's employment in the work he was doing.

Plaintiff in error contends that the statute concerning the employment of child labor in force when the injury occurred did not make the employment of minors under sixteen years of age illegal in such industries as that of defendant in error; that prior to 1917 the statute enumerated a large number of employments in which children under sixteen were forbidden to be employed, and mills were not mentioned among the prohibited employments. By amendment in 1917 mills were specifically mentioned among the forbidden employments, and counsel says the word "mill" embraces defendant in error's plant and occupation, employment in which of minors under sixteen years of age was not illegal before 1917. Plaintiff in error insists that prior to 1917 there were a group of employments declared extra-hazardous by the Workmen's Compensation act not included in the occupations prohibited by the Child Labor act, and that this group embraced employment in the plant of defendant in error.

The act of 1897 to regulate the employment of children in Illinois (Laws of 1897, sec. 6, p. 91; Hurd's Stat. 1917, sec. 6, p. 1422,) reads: "No child under the age of sixteen years shall be employed, or permitted or suffered to work by any person, firm or corporation in this State at such

extra-hazardous employment whereby its life or limb is in danger, or its health is likely to be injured, or its morals may be depraved."

Defendant in error is not under and subject to the Workmen's Compensation act by virtue of its election to provide compensation to its employees under the act but because it is engaged in an occupation declared to be extra-hazardous by section 3 of the statute. Paragraph 2 of section 5 of the Workmen's Compensation act provides that "minors who are legally permitted to work under the laws of the State" shall be considered the same and have the same rights as adults. It is immaterial to a decision of this case whether plaintiff in error is right or wrong in his contention that prior to 1917 the prohibition of sections 20c and 20j of the Child Labor act did not apply to the occupation and business of defendant in error. It was declared by legislative enactment to be an extra-hazardous business. (Workmen's Compensation act, sec. 3.) By section 6 of the Child Labor act above quoted it is made illegal to employ a child under sixteen years of age in any such employment. If plaintiff in error was an employee of defendant in error his employment was illegal, and the Workmen's Compensation act does not apply to minors who are illegally employed. (*Roszek* v. *Bauerle & Stark Co.* 282 Ill. 557; *Messmer* v. *Industrial Board,* id. 562.) As in our view this is a complete bar to an award under the Workmen's Compensation act in favor of plaintiff in error, it is unnecessary to decide the other questions raised and discussed in the briefs.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*