## Frank Kowalczyk, a Minor, by James Demning, his Guardian, Plaintiff in Error, v. Swift & Company, Defendant in Error.

### Gen. No. 28,647.

1. WORKMEN'S COMPENSATION—*Act applicable only to minors legally employed.* If an infant plaintiff in an action against his employer for personal injuries were legally employed and defendant engaged in an extra-hazardous business as defined by the Compensation Act, Cahill's Ill. St. ch. 48, ¶¶ 201-236, that act would apply; but if he were illegally employed that act would not apply and he would have a remedy at common law.

2. MASTER AND SERVANT—*Child Labor Acts alone determinative of legality of employment of boy under 16 years of age.* Whether a minor plaintiff in an action for personal injuries against his employer was legally or illegally employed must be determined from the Child Labor Acts alone as the Compensation Act, Cahill's Ill. St. ch. 48, ¶¶ 201-236, does not deal or purport to deal with that subject.

3. MASTER AND SERVANT—*legality of employment of boy under 16 years of age as jury question.* Where the question whether the employment in which plaintiff, a boy between 14 and 16 years of age, was engaged at the time he was injured is injurious to the lives or limbs of such minors or is apt to injure their health or deprave their morals, was submitted to the jury and its finding on that question was not claimed to have been against the manifest weight of the evidence, such finding cannot be disturbed on appeal.

Error by plaintiff to the Superior Court of Cook county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Affirmed. Opinion filed June 25, 1924. Rehearing denied July 15, 1924.

CORINNE L. RICE and A. H. RANES, for plaintiff in error.

JOHN E. KEHOE and BROWN, FOX & BLUMBERG, for defendant in error; CHARLES LEROY BROWN, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover damages for personal injuries sustained by him while in the employ of the defendant. There was a trial before a judge and a jury and a verdict rendered in favor of the defendant. Judgment was rendered on the verdict and plaintiff has prosecuted this writ of error.

The declaration on which the case went to trial was in two counts. In the first it was alleged that on the 12th day of December, 1917, the defendant was engaged as packers of meat in Chicago; that it was in possession and control, for this purpose, of buildings, yards and railroad tracks. It then alleged that there were divers statutes and municipal ordinances in force for the regulating and safeguarding of defendant's employees. Several of such ordinances are then set out *in hæc verba,* as are also certain sections of the Health, Safety and Comfort Act. It is then alleged that the defendant was engaged in several businesses which are designated as extra-hazardous by the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶¶ 201-236] of this state; that there was in full force and effect section 6 of the Act of 1897 [Cahill's Ill. St. ch. 48, ¶ 39], concerning the employment of children, which is that "No child under the age of sixteen years shall be employed, or permitted or suffered to work by any person, firm or corporation in this State at such extra-hazardous employment whereby its life or limb is in danger, or its health is likely to be injured, or its morals may be depraved." There is also set up in this count a portion of section 10 of the Act of 1917 [Cahill's Ill. St. ch. 48, ¶ 53], concerning employment of children. That section, it is alleged, forbids the employment of minors under sixteen years of age "in any capacity whatever in any employment that may be considered dangerous to their lives or limbs or where their health may be injured or morals de-

praved." It is also alleged that section 5 of the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶ 205], then in force, provided that the "term 'employee' as used in this Act, shall be construed to mean:
\* \* \*

"Second—Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, and minors *who are legally permitted to work under the* laws of the State." And it is then alleged that at the time in question plaintiff was employed by the defendant as a messenger boy delivering messages from the several offices or buildings owned by the defendant at the stockyards, Chicago; that plaintiff was between fourteen and sixteen years old and while engaged in such extrahazardous employment was injured while in the performance of his duties as a result of the violation of the defendant in employing him contrary to the statutes in reference to the employment of minors between the age of fourteen and sixteen years. The second count is substantially to the same effect, although there are some further allegations which it is unnecessary to allude to.

The defendant filed a plea of general issue and a special plea to the effect that the Workmen's Compensation Act applied. A demurrer was sustained to the special plea. The evidence tended to show that plaintiff was engaged as a messenger boy at defendant's plant, delivering messages to the several buildings of the defendant within the stockyards; that he worked under the direction of one Oberg; that there were employed at the same time and in the same line of business from eighty to one hundred messenger boys by the defendant; that plaintiff was working for the defendant for about 2½ months before he was injured; that he was between fourteen and sixteen years of age; that he presented the proper certificate required by law before being employed. The evidence further tended to show that plaintiff was directed as to what routes he should take in delivering the messages in-

cluding the trip he was making at the time he was injured. The evidence further tended to show that defendant's plants consisted of many buildings in the stockyards, among them being a glycerine house and a soap house; that between these two buildings were two railroad tracks on which there were cars standing; that there was no passage way for persons between these two buildings; that plaintiff attempted to pass between the building and the cars on one of the tracks, a space of about fifteen inches, and fell into some hot water which was apparently in some depression in the ground, and was scalded. The accident occurred about 4 o'clock in the afternoon.

The briefs filed in this case are voluminous, considering the questions involved. Plaintiff has filed a printed brief consisting of 132 pages, the defendant one of 136 pages, and the plaintiff a reply brief of 86 pages. Plaintiff in its brief makes numerous points and cites a great many authorities in support of them, but, in the view we take of the case, it will be unnecessary for us to refer to but a few of them.

Plaintiff bottoms his right to a recovery on the contention that he was illegally employed by the defendant to do work that was extra-hazardous. The argument being that the defendant in employing him violated the provisions of section 6 of the Act of 1897, and section 10 of the Act of 1917, concerning the employment of minors. In support of this it is argued that since the undisputed evidence showed that the defendant was engaged in extra-hazardous business as defined by section 3 of the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶ 202], he was illegally employed and the Compensation Act did not apply to him, but that he had his remedy at common law, and the court should have directed a verdict in his favor.

It is unquestionably the law that if plaintiff were legally employed and he were seeking to obtain compensation from the defendant on account of his injuries, the defendant being engaged in extra-hazardous

business as defined by the Compensation Act, that act would apply. It is also the law that if plaintiff were illegally employed the Compensation Act would not apply, but plaintiff would have his remedy at common law.

Whether plaintiff was legally or illegally employed by the defendant, must be determined from the Child Labor Acts alone. [Cahill's Ill. St. ch. 48, ¶¶ 34-53.] The Compensation Act does not deal nor purport to deal with that subject at all. That Act cannot be looked to in the instant case to determine whether plaintiff was legally or illegally employed any more than the Negotiable Instrument Act or the Act of Eminent Domain.

In support of plaintiff's position that he was illegally employed in violation of the Child Labor Acts [Cahill's Ill. St. ch. 48, ¶¶ 34-53] because the work in which he was engaged was declared extra-hazardous by the legislature—the Compensation Act—he cites a number of authorities, but particular reliance is placed upon the case of *Moll v. Industrial Commission,* 288 Ill. 347. In that case it appears that Moll, who was between fourteen and sixteen years old, was employed by one Corbin who was engaged in farming. Corbin made a contract with the Illinois Clay Products Company to remove the top surface of the earth from a stratum of clay which the company was mining, and Moll was put to work by Corbin at that work and while so engaged was injured. He made application for an award under the Compensation Act against the Clay Products Company. It was denied by the arbitrator and, on review, the Industrial Commission affirmed the decision and this in turn was affirmed by the circuit court. The case then went to the Supreme Court. It was admitted that the Clay Products Company and its employees were under the Workmen's Compensation Act, but it was denied that Moll was its employee; the contention being that he was the employee of Corbin. The court held that he was il-

legally employed in extra-hazardous work contrary to section 6 of the Child Labor Act of 1897 [Cahill's Ill. St. ch. 48, ¶ 39], and, since he was illegally employed, he did not come within the provisions of the Compensation Act. It is true that in the court's opinion it is observed that the question whether the work in which Moll was engaged was extra-hazardous, was to be determined by the Compensation Act, but the court also there referred to the case of *Roszek v. Bauerle & Stark Co.*, 282 Ill. 557, where it was specifically held that a person between the ages of fourteen and sixteen years might legally be employed at work which was designated extra-hazardous under the Compensation Act.

The *Roszek* case was an action at common law brought to recover damages for personal injuries. The plaintiff at the time he was injured was about fifteen years of age and was operating a sandpaper machine. He recovered a judgment based on the fact that he was employed contrary to the Child Labor Act of 1903, which expressly prohibited a child under sixteen years from operating such machine. The court held that the Workmen's Compensation Act did not apply and the judgment in plaintiff's favor was affirmed. The court there said, after referring to certain sections of the Compensation Act and the Child Labor Act (p. 559):

"Plaintiff was over fourteen years of age at the time of the injury, hence was old enough to be employed by defendant. He was under sixteen years of age, however, and was not old enough to be employed in operating sand-paper machines. Plaintiff contends he was not 'legally permitted to work' at such employment, and for that reason is not an 'employee,' as defined by section 5 before set out. A penalty is provided against any person, firm, corporation, agent, manager, superintendent or foreman of any firm or corporation for a violation of the Child Labor Law.

"Plaintiff was between the ages of fourteen and six-

teen years and might legally be employed in a manufacturing establishment, though not to work with certain appliances or machinery, including sand-paper machines, but he could not be legally employed without the permit required by law.of minors between the ages of fourteen and sixteen years. No such permit was obtained by plaintiff authorizing his employment in defendant's factory for any purpose.''

And continuing the court said (p. 561):

''Without such permit he was no more legally permitted to work in defendant's factory than would be a minor under fourteen years of age. In the one case a minor is not legally permitted to work at all, while in the other he is only legally permitted to work upon obtaining the permit required by the Child Labor Law.'' And it was held that since plaintiff did not obtain the permit required by the Child Labor Act, he was not legally employed and therefore, did not come within the Compensation Act, but his remedy was at common law.

From what we have said it follows that whether plaintiff was legally employed, must be determined solely from a consideration of the Child Labor Acts of 1897 and 1917, a violation of which is averred in plaintiff's declaration. By the Act of 1897, it was made unlawful to employ any child under fourteen years of age at all; that Act further provided that where any child between fourteen and sixteen years of age was employed in a ''mercantile institution, store, office, hotel, laundry, manufacturing establishment, mill, cannery, factory or workshop'' it was made the duty of the child's employer to keep posted in his place of business a list, showing the name, age and place of residence of every child employed. It further made such employment unlawful unless there was placed on file, in such place of business, an affidavit, made by the parent or guardian, stating the name and date of birth of the child, and that the registered affidavit should be open for inspection to the factory inspector; that the employer should post a list containing the

names and ages of such children, and section 6 of that Act [Cahill's Ill. St. ch. 48, ¶ 39], upon which plaintiff relies, provided "that no child between the ages of fourteen and sixteen years of age should be employed at such extra hazardous work where its life or limb is endangered or its morals may be depraved." The extra-hazardous employment there prohibited means such employment as is mentioned in that Act such as working in a mercantile establishment, store, office, laundry and the like, where it would endanger the health or morals of a child; that while it might be lawful to employ a child between fourteen and sixteen years of age in a mercantile establishment, yet this could not be done if that particular work or employment was in fact dangerous to the life, health or morals of the child so employed.

The Act of 1917 concerning the employment of children (Laws 1917, p. 511 et seq.) covered the employment of minors. It expressly repealed the Act of 1903 on this same subject and other acts in conflict therewith. It is obvious that this Act of 1917 covered the entire subject, at least so far as the point under consideration is concerned, so that the only act applicable to plaintiff's cause of action is that of 1917. By that Act it was provided in substance that no minor under the age of fourteen years should be employed in any mercantile institution or other designated business. It was there further provided that minors might be legally employed who were over fourteen and under sixteen years of age in any mercantile establishment, store, office, hotel, manufacturing establishment or workshop. It further provided that the employer of such minors keep a register at the place of employment, wherein was recorded the name, age and place of residence of such minor. The Act further provided that it should be unlawful to employ any such minor unless there was first procured and placed on file in such place of employment, a certificate issued by the teacher where such child at-

tended school. Section 10 of that Act [Cahill's Ill. St. ch. 48, ¶ 53], the provisions of which are set forth in the declaration, prohibited the employment of minors between fourteen and sixteen years of age at sewing belts, oiling, wiping or cleaning machinery, operating band saws, woodjoiners, planers, and other employment there designated. And after such enumeration there was a further provision that no such minor should be employed "in any capacity whatever in any employment that may be considered dangerous to their lives or limbs, or where their health may be injured or morals depraved." From this Act it is obvious that minors between the age of fourteen and sixteen years may be legally employed in any mercantile institution, store, office, hotel, laundry, manufacturing establishment, mill, cannery or workshop, provided the registration and certificate is obtained, and provided that such employment is not dangerous to their lives or limbs, nor injurious to their health or morals. Whether the employment so authorized by the provisions referred to of the Child Labor Acts, is injurious to their lives or limbs, or is apt to injure their health or deprave their morals, may in a particular case be a question of fact for the jury. That question was submitted to the jury in the instant case and as we understand the argument of counsel for plaintiff, it is not contended that the finding of the jury in favor of the defendant to the effect that the employment of plaintiff was not dangerous to the life or limb of the plaintiff and that his employment did not injure his health or deprave his morals is against the manifest weight of the evidence. Under these circumstances, the finding of the jury cannot be disturbed by us.

It was not contended on the trial, nor is there any such contention made here, that the work in which plaintiff was engaged at the time he was injured was expressly prohibited by the Child Labor Acts and the

evidence discloses that no such argument could be successfully made. Since we hold that in the instant case the question whether plaintiff was legally or illegally employed must be determined by the Child Labor Act of 1917, and that that was a question of fact for the jury, the judgment of the Superior Court of Cook County must be affirmed.

*Judgment affirmed.*

TAYLOR, J. and THOMSON, J. concur.