FRANKLIN KOWALCZYK, Plaintiff in Error, *vs.* SWIFT & Co., Defendant in Error.

*Opinion filed February 24, 1928—Rehearing denied April 4, 1928.*

1. CONSTITUTIONAL LAW—*section 6 of Child Labor act of 1897 and section 10 of the act of 1917 are valid.* Section 6 of the Child Labor act of 1897 and section 10 of the act of 1917, providing that no child under sixteen years of age shall be employed in any hazardous work whereby its life or limb or health may be injured or its morals depraved, are not invalid as creating offenses not sufficiently defined, as the sections in question sufficiently describe the prohibited employments, and it is a question of fact for the jury whether a particular work is dangerous.

2. MINORS—*statutes for protection of children will be construed valid, if possible.* The supreme right of the State to guardianship of children controls the natural rights of the parents when the welfare of society, or of the children themselves, conflicts with the parental right, and statutes for the protection of children will be upheld under the police power of the State and will not be declared unconstitutional unless they are clearly invalid.

3. CHILD LABOR ACT—*what cannot be considered in action under the Child Labor act.* Where the declaration in an action for damages for personal injuries is based on an alleged violation of the Child Labor act in the employment of the plaintiff, a child under sixteen years of age, questions as to whether the plaintiff was guilty of contributory negligence, or whether he furnished an age and school certificate to his employer, or whether the employer's machinery was in good repair and properly inspected, cannot be

considered, and it is error to bring such questions to the jury in the evidence, statements, arguments and instructions.

4. SAME—*the Workmen's Compensation act does not attempt to define hazardous employment under the Child Labor act.* The Workmen's Compensation act is complete in itself, and the employments specified therein as being extra-hazardous have reference only to the right of compensation under the act and cannot be set up as a standard for any other purpose; and the Child Labor act is not incorporated bodily by reference into the Compensation act, nor does the latter amend the Child Labor act. (*Moll* v. *Industrial Com.* 288 Ill. 347, distinguished.)

WRIT OF ERROR to the Superior Court of Cook county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding.

CORINNE L. RICE, and A. H. RANES, for plaintiff in error.

JOHN E. KEHOE, and BROWN, FOX & BLUMBERG, (CHARLES LEROY BROWN, of counsel,) for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, Frank Kowalczyk, a minor under fifteen years of age, by his legal guardian began suit in the superior court of Cook county against defendant in error, Swift & Co., to recover damages for personal injuries. There was a trial by jury, a verdict and judgment for defendant in error, and a writ of error was prosecuted from the Appellate Court for the First District. In the Appellate Court defendant in error assigned cross-errors, one of which was that certain sections of the statute upon which the action was based were unconstitutional, and a motion was made to transfer the case to this court. The motion to transfer was denied, the judgment was affirmed, and an appeal was prosecuted to this court on a certificate of importance. This court held (317 Ill. 312,) that the assignment of cross-errors in the Appellate Court raised a

constitutional question which defendant in error had a right to have determined by this court, and the judgment of the Appellate Court was reversed and the cause was remanded to the Appellate Court, with directions to transfer the case to this court.

In the former opinion of this court the facts were stated, together with the nature of the pleadings. Defendant in error filed a petition for a rehearing, urging that some of the facts were not correctly stated in that opinion, but the rehearing was denied. On this hearing defendant in error again insists that there were mis-statements of fact in the former opinion. We have examined the evidence and do not find any merit in this contention but the facts as stated are substantially correct. It will not be necessary to re-state the facts or the issues formed by the pleadings.

The injury occurred on December 12, 1917. The cause of action was based mainly upon section 6 of the Child Labor act of 1897 and section 10 of the Child Labor act of 1917. Section 6 (Cahill's Stat. 1927, p. 1197,) is as follows: "No child under the age of sixteen years shall be employed or permitted or suffered to work, by any person, firm or corporation in this State, at such extra-hazardous employment whereby its life or limb is in danger, or its health is likely to be injured, or its morals may be depraved." Section 1 of the act of 1917 (Hurd's Stat. 1917, p. 1413,) prohibits the employment of a minor under the age of fourteen at any gainful occupation in certain occupations therein specified, and prohibits such child from being employed while school is in session, or before seven o'clock in the morning or after six o'clock in the evening, or for more than eight hours in one day or more than six days in one week. Section 2 authorizes the employment of minors over the age of fourteen and under the age of sixteen in places specified in section 1, including an office, manufacturing establishment, mill, cannery, factory or workshop, but requires every person so employing minors to keep

a register of such minors and procure and file an employment certificate. Section 10 provides that no minor under the age of sixteen years shall be employed at various occupations therein specifically named, and contains this clause: "Nor shall they be employed in any capacity whatever in any employment that may be considered dangerous to their lives or limbs, or where their health may be injured or morals depraved." It is upon this last clause that this cause of action is largely based. It is not claimed that plaintiff in error comes within any of the employments specifically enumerated and prohibited in this section, but it is claimed that he did come within the prohibition last above quoted.

Section 3 of the Workmen's Compensation act as amended in 1917 (Hurd's Stat. 1917, p. 1449,) provides that "the provisions of this act hereinafter following, shall apply automatically, and without election, to all employers and their employees engaged in any of the following enterprises or businesses which are hereby declared to be extra-hazardous, namely:" Then follow eight specific classes of employments which are declared to be extra-hazardous, including (3) carriage by land or water or loading or unloading in connection therewith; (4) the operation of any warehouse or general or terminal storehouse; (6) any enterprises in which explosive materials are manufactured, handled or used in dangerous quantities; (7) any enterprise wherein molten metal, or explosives, or injurious gases or vapors, or inflammable vapors or fluids, or corrosive acids, are manufactured, used, generated, stored or conveyed in dangerous quantities; (8) any enterprise in which statutory or municipal ordinance regulations are now or shall hereafter be imposed for the regulating, guarding, using or the placing of machinery or appliances, or for the protection and safeguarding of employees or the public therein. Section 5 specifies who shall come under the act

as employees, and includes minors who are legally permitted to work under the laws of the State.

It is insisted that section 6 of the act of 1897 has been repealed. The act of 1897 was amended by the act of 1903, section 15 of which provided that all acts or parts of acts in conflict with the act of 1903 are repealed, but there was no express repeal of all of the act of 1897. It is not claimed that the section of the act of 1903, which corresponded with section 6 of the act of 1897, was in conflict with it, but it is contended that section 6, if it was repealed at all, was repealed by implication. Section 16 of the act of 1917 expressly repealed the entire act of 1903 and all other acts and parts of acts in conflict with the act of 1917. The act of 1917 does not expressly repeal the act of 1897, or section 6 thereof, unless it is by implication. The Appellate Court has held in several cases that section 6 of the act of 1897 was repealed by the act of 1903. One of these cases was before this court, (*Purtell* v. *Philadelphia Coal Co.* 256 Ill. 110,) but it was held that it was not necessary in that case to pass on the question whether the act of 1903 repealed the act of 1897. The same condition arises in this case. If plaintiff in error was entitled to recover under the law and the evidence, the recovery could be sustained under either section. There is very little, if any, distinction between work which is dangerous to life and limb, as provided in the act of 1917, and work which is extra-hazardous, as provided in the act of 1897. In fact, the legislature used both expressions in section 6 of the act of 1897. It is therefore not necessary to determine whether section 6 of the act of 1897 was repealed.

Defendant in error insists that section 6 of the act of 1897 and section 10 of the act of 1917 are unconstitutional for the reason that they do not define dangerous employment or extra-hazardous employment, nor prescribe a test or standard as to when life or limb is deemed to be in peril; that both sections are criminal statutes and a violation

thereof is a criminal misdemeanor; that a right of action depends solely upon the statutes and cannot be extended beyond the valid terms of the statutes; that a criminal statute is void for want of due process of law where it fails to provide with reasonable certainty the elements of the offense; that when this condition exists the burden is cast upon the court and jury to define the offense, which is an attempt to delegate legislative power to the courts and is unconstitutional; that if the statutes are given the construction contended for by plaintiff in error they are in violation of the due process provisions of the State and Federal constitutions and the section of the Federal constitution which prohibits any State to deny to any person within its jurisdiction the equal protection of the law, and they would result in arbitrary and unreasonable classification.

The principal case relied on by defendant in error to support the above contentions is *United States* v. *Cohen Grocery Co.* 255 U. S. 81. That case involved the so-called Lever act, which made it unlawful for any person willfully to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries or to exact excessive prices for such necessaries. The statute was held to be unconstitutional upon some of the grounds which defendant in error urges in this case. Many other cases are cited by defendant in error in support of its contentions.

There is no doubt as to the correctness of the rules of law as stated by defendant in error and as announced in the decisions cited by it in support of its contentions, but the language used in the sections complained of does not come within the rule. Employments that are extra-hazardous, or which are dangerous to life or limb or where health may be injured or morals depraved, are properly defined in these sections. The act prohibited in each is dangerous work. There is no difficulty in determining whether a particular employment is or may be dangerous. Whether

a particular work is dangerous is a question of fact to be submitted to a jury. The question as to the constitutionality of similar statutes has been before the courts of various States on numerous occasions. It has been held that such statutes are founded upon the principle that the supreme right of the State to guardianship of children controls the natural rights of the parents when the welfare of society, or of the children themselves, conflicts with the parental right; that the integrity of such statutes has been upheld under the police power of the State, and they should not be declared unconstitutional unless required by the most cogent reasons or compelled by unanswerable grounds; that every presumption is in favor of their constitutionality. *Strafford* v. *Republic Iron Co.* 238 Ill. 371; *Beauchamp* v. *Sturges & Burn Manf. Co.* 250 id. 303; *Starnes* v. *Albion Manf. Co.* 146 N. C. 556; *City of New York* v. *Chelsea Jute Mills,* 88 N. Y. Supp. 1085.

In *Inland Steel Co.* v. *Yedinak,* 87 N. E. 229, the constitutionality of a child labor law of Indiana was under consideration. The court said: "Children under sixteen years of age are wards of the State and are pre-eminently fit subjects for the protecting care of its police power. This power is an inherent attribute of sovereignty, and may be exercised to conserve and promote the safety, health, morals and general welfare of the public. The liberty and property of the individual citizens are held subject to such reasonable conditions as the State may deem necessary to impose in the exercise of this power. Such regulations and conditions will not fall within the inhibition of the fourteenth amendment unless they are palpably arbitrary, extravagant and unreasonably hurtful, and unnecessarily and unjustly interfere with private rights.—*Barbier* v. *Connolly,* 113 U. S. 27, 5 Sup. Ct. 357, 28 L. ed. 923; *Mugler* v. *Kansas,* 123 U. S. 623, 8 Sup. Ct. 273, 31 L. ed. 205; *In re Kemmler,* 136 U. S. 436, 10 Sup. Ct. 930, 34 L. ed. 519; *Crowley* v. *Christensen,* 137 U. S. 86."

In *Westerlund* v. *Kettle River Co.* 137 Minn. 24, a stat-
ute prohibited the employment of minors in occupations
dangerous to their lives and limbs, and it was insisted that
the statute was unconstitutional.   The court held that the
statute was constitutional, and said: "This conclusion does
not, as contended by defendant, render the statute uncon-
stitutional as leaving the basis for its application to doubt
and uncertainty.   The thing condemned is the dangerous
work, and there can be no special difficulty in determining
what particular employment is or may be dangerous.   If
this contention were to be sustained then many of our stat-
utes of long standing would go down as unconstitutional.
For instance, we have a statute which declares that it shall
be unlawful to assault another with a dangerous or deadly
weapon; another statute prohibits the employment of a.
minor under the age of eighteen years in any practice or
exhibition dangerous to his life or health.   What consti-
tutes a dangerous or deadly weapon and what constitutes a
dangerous exhibition will often present a question of fact
to be determined before the statute can be held to have
been violated.   And the statute cannot be held unconstitu-
tional because the determination of that fact precedes the
conclusion that it has been violated or because the determi-
nation thereof is committed to the courts.—*Ewell* v. *Com-
stock,* 99 Minn. 261; *Louisville, H. & St. L. Ry. Co.* v.
*Lyons,* 155 Ky. 396."

In *Miller* v. *Strahl,* 239 U. S. 426, the Supreme Court
of the United States passed upon a statute of Nebraska
which provided that in case of fire an inn-keeper and his
employees should give notice to all guests and inmates of
the hotel and do all in their power to save and protect the
guests from fire.   It was insisted that the provision failed
to inform a man of ordinary intelligence what he must or
must not do under given circumstances.   The court held
that the statute was constitutional, and said: "Rules of
conduct must necessarily be expressed in general terms and

depend for their application upon circumstances, and circumstances vary. It may be true, as counsel says, that 'men are differently constituted, some being abject cowards and few, only, are real heroes; that the brains of some people work rapidly and normally in the face of danger, while other people lose all control over their actions.' It is manifest that rules could not be prescribed to meet these various qualities, yet all must be brought to judgment. And what better test could be devised than the doing of all in one's power as determined by the circumstances?" The same rule is announced in *Omaechavarria* v. *Idaho,* 246 U. S. 342; *Nash* v. *United States,* 229 id. 373; *Standard Oil Co.* v. *United States,* 221 id. 1; *Commonwealth* v. *Peniz,* 247 Mass. 500; *Ex parte Daniels,* 183 Cal. 636; *Mulkern* v. *State,* 176 Wis. 490; *State* v. *Schaeffer,* 96 Ohio St. 215.

The language of sections 6 and 10 sufficiently describes the employments in which children should not be employed, and neither section falls within the constitutional prohibitions, as claimed by defendant in error.

Plaintiff in error insists that the undisputed evidence shows that he was under sixteen years of age; that he was engaged in an occupation that was declared extra-hazardous by section 3 of the Compensation act; that whether he was illegally employed or not was a question of law for the court, and the court should have so instructed the jury; that the Compensation act by reference incorporates the Child Labor act bodily into the Compensation act, and it was so held by this court in *Moll* v. *Industrial Com.* 288 Ill. 347. In fact, this is the theory upon which the case was tried throughout by plaintiff in error.

In the *Moll case,* plaintiff, who was under sixteen years of age, was employed in surface mining, which was expressly declared to be extra-hazardous by section 3 of the Compensation act. He was injured, applied for compensation, and was refused on the ground that he was engaged in an extra-hazardous occupation. On appeal to this court

the judgment was affirmed, and on page 350 it was said: "It is immaterial to a decision of this case whether plaintiff in error is right or wrong in his contention that prior to 1917 the prohibition of sections 20c and 20j of the Child Labor act did not apply to the occupation and business of defendant in error. It was declared by legislative enactment to be an extra-hazardous business. (Workmen's Compensation act, sec. 3.) By section 6 of the Child Labor act above quoted it is made illegal to employ a child under sixteen years of age in any such employment. If plaintiff in error was an employee of defendant in error his employment was illegal, and the Workmen's Compensation act does not apply to minors who are illegally employed. (*Roszek* v. *Bauerle & Stark Co.* 282 Ill. 557; *Messmer* v. *Industrial Board,* id. 562.) As in our view this is a complete bar to an award under the Workmen's Compensation act in favor of plaintiff in error, it is unnecessary to decide the other questions raised and discussed in the briefs." It was not held in that case that by reference the Child Labor act was bodily incorporated into the Compensation act, or that the Compensation act was an amendment to the Child Labor act. The only question intended to be determined in that case was whether Moll, who was a minor, was engaged in an occupation which under the Compensation act was declared to be extra-hazardous, and therefore he did not come within the provisions of the Compensation act but his remedy, if he had one, was in an action at law.

The Compensation act and the Child Labor act are separate and distinct statutes passed for different purposes, and they have no relation to each other except where such relation is expressly made by reference. The Compensation act is complete within itself and makes provision for compensation in certain cases therein specifically provided. It defines what employments shall be deemed extra-hazardous, but the employments so specified only have reference to the right of compensation under the act, and the act does not

attempt to fix a standard for any other purpose. If plaintiff in error was engaged in an occupation declared to be extra-hazardous under the Compensation act he could not recover compensation under that act, and his remedy, if he was illegally employed, was under the Child Labor act.

Sections 6 and 10 of the Child Labor act prohibited employment of plaintiff in error in such work as was extra-hazardous or dangerous to life or limb or where the health might be injured or the morals depraved. A boy between fourteen and sixteen years of age might be legally employed in an occupation which did not come within the prohibitory provisions of the statute, and if his employment was thus limited he could be legally employed. Whether an employment is extra-hazardous and in violation of the Child Labor act depends on the facts of the particular case. (*Strafford v. Republic Iron Co. supra.*) In this case the evidence shows that plaintiff in error was employed as a messenger of defendant in error in the Union Stock Yards. Whether or not his employment was illegal and extra-hazardous depended upon the duties which he was called upon to perform. If his employment was confined to work where he was not exposed to any particular danger his employment would not be in violation of the statute, but if his employment exposed him to extra-hazards then his employment was in violation of the statute. The evidence shows that he was required to carry messages from the central office building to the various other buildings belonging to defendant in error. He crossed streets where vehicles were passing. He was required to go across railroad tracks upon which cars and locomotives were operated. He rode up and down elevators in various buildings, went through swinging doors, went into departments where machinery was being operated, and did various other things of like nature. On account of the nature of his employment it was a question of fact for the jury to determine whether or not his employment was in violation of the statute. Plaintiff in error

insists that the preponderance of the evidence shows that the employment was extra-hazardous and in violation of the statute, but as this case will have to be tried again we have purposely refrained from expressing any opinion on that question and merely recite the evidence in general to show that the nature of his employment was a question of fact.

Plaintiff in error complains that the court improperly permitted counsel for defendant in error to say repeatedly in the opening statement, in the closing argument, in the course of the trial, and especially on cross-examination, that at the time of the accident defendant in error was operating under the Compensation act, that the remedy of plaintiff in error was under the Compensation act, that he had been paid certain amounts under the Compensation act, and that instructions 35 and 36 on behalf of defendant in error were based on the Compensation act and were improper. Complaint is also made that the court permitted counsel for defendant in error, in his opening statement and elsewhere on the trial, to state that an age and school certificate had been furnished by plaintiff in error to defendant in error when he was employed, as a condition of his employment; to inject into the case the claim or insinuation that plaintiff in error was guilty of contributory negligence; to cross-examine plaintiff in error with reference to a certain exhibit, which was a statement a claim agent of defendant in error had taken from plaintiff in error about two years after the accident, which could not be put in evidence for impeaching purposes for the reason that plaintiff in error made no statements on direct examination which were contradicted by anything counsel read from said document. We have examined each of these objections and find merit in each and all of them. The charge in the declaration, in substance, was that plaintiff in error was under sixteen years of age; that he was illegally employed, in violation of the statute; that he was injured while in that employ-

ment and was damaged thereby. That he was under sixteen years of age was not controverted, therefore the main question for the jury to determine was whether or not he was illegally employed. If he was illegally employed and received an injury (which was not disputed) his damages naturally followed. The issues to be tried were well defined. The evidence, statements, arguments and instructions should have been confined to the issues and should not have been permitted to cover such a wide range. If plaintiff in error was legally employed he had no cause of action in this case and his remedy was under the Compensation act. Defendant in error filed a plea which alleged that it was under the Compensation act, and a demurrer was properly sustained thereto. In spite of this fact defendant in error repeatedly tried to impress the jury with the fact that plaintiff in error had a remedy under the Compensation act and had no right of action in the suit being tried. If plaintiff in error was illegally employed it made no difference whether he did or did not furnish an age and school certificate or whether the machinery was or was not in good repair and properly inspected. If he was illegally employed he was not guilty of contributory negligence and contributory negligence was no defense. (*American Car Co.* v. *Armentraut,* 214 Ill. 509.) On account of these various improper matters being injected into the case the trial was largely upon issues not raised by the pleadings, the rights of plaintiff in error were highly prejudiced thereby, and he did not have the fair and impartial trial he was entitled to under the law.

By instruction 18 the jury were told that there was no evidence to sustain the averments contained in the second count of the declaration, which charged a willful and wanton employment in an extra-hazardous employment. This action was for breach of a statutory duty and was not based on the common law rule as to negligence. The act charged was a criminal misdemeanor. (*Rost* v. *Noble & Co.* 316

Ill. 357; *Newton* v. *Illinois Oil Co.* 316 id. 416.)  In *Purtell* v. *Philadelphia Coal Co. supra,* it was held that a person is liable if, contrary to the provisions of a statute, a child under age is employed by him, either directly or through an agent, officer or employee, and without regard to whether such employment is a wanton or willful violation of the statute.  There was evidence tending to support the charge in the second count, and the court was in error in giving instruction 18.

During the trial plaintiff in error asked leave to amend the declaration by charging the violation of certain ordinances of the city and statutes of the State, which motion was denied.  Several weeks after the trial, on the motion for new trial, plaintiff in error again asked leave to amend the declaration in these respects.  This motion was denied and these rulings are assigned as error.  The declaration was based not only upon the sections of the statute above enumerated, but it included various other ordinances of the city and statutes of the State which it is claimed defendant in error violated.  On the trial there was very little evidence to sustain any of these charges except the violations of the Child Labor act.  There was no error in refusing to permit plaintiff in error to amend his declaration after the trial, and we do not think there is any merit in the contention that he should have been permitted to amend his declaration during the trial.  The declaration was sufficient to enable plaintiff in error to submit all of his grounds of action against defendant in error.

At the close of the trial 64 instructions were submitted to the court, 33 of which were given, and error is assigned on 41 given, refused and modified.  In this court briefs covering almost 500 pages have been filed.  The large number of instructions submitted was a great burden on the trial court and greatly in excess of those necessary to a proper instruction of the jury as to the law.  The large number of instructions and the voluminous briefs have en-

tailed a great amount of extra labor on this court. It will be impossible within the reasonable limits of an opinion to consider these instructions in detail. What has already been said with reference to the law applicable to the facts disposes of many of the instructions about which complaint is made. Several of the instructions refused were covered by others given. Instructions 4, 9 and 15 directed a verdict, as a matter of law, that defendant in error was guilty of employing plaintiff in error in an extra-hazardous employment, and for the reasons already stated were properly refused. Instruction 5 refused was based upon certain health, comfort and safety appliance acts as charged in the declaration, and was properly refused because there was no evidence upon which to base it. Instructions 5, 6 and 13 were properly modified. The court on its own motion gave three instructions defining hazardous employments and what acts constituted exposing plaintiff in error to hazardous employments. Plaintiff in error insists that these instructions are erroneous for the reason that they are not based upon the hazardous employments specified in the Compensation act. The instructions are not subject to this criticism. We think they fairly stated the law applicable to the facts in evidence. Instruction 33 on behalf of defendant in error has been condemned in *City of Evanston* v. *Richards,* 224 Ill. 444, *Chicago and Eastern Illinois Railroad Co.* v. *Rains,* 203 id. 417, and *Casey* v. *Kelly-Atkinson Co.* 240 id. 416.

There are other contentions by plaintiff in error, but we do not think it necessary to specifically consider them.

For the errors indicated the judgment will be reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*