Bernard McInness, a Minor, by Augusta McInness, his Mother and Next Friend, Appellee, v. Oscar F. Wilson Printing Company, Appellant.

Gen. No. 8,150.

Heard in this court at the October term, 1929. Opinion filed May 22, 1930. Rehearing denied June 24, 1930.

NORTH, LINSCOTT, GIBBONEY, NORTH & DIXON, for appellant; JEROME F. DIXON and C. H. LINSCOTT, of counsel.

ROY F. HALL, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Appellee as plaintiff recovered a judgment for $1,695 against appellant, Oscar F. Wilson Printing Company, on account of injuries received by plaintiff in a fall into an elevator shaft on defendant's premises. This appeal is prosecuted from that judgment.

Plaintiff was between 14 and 15 years of age at the time he was injured. He was employed by defendant as a messenger. His duties included the delivering of merchandise, and in so doing he used a two-wheeled truck. Defendant's printing business was located on the second floor of a building and was provided with a stairway and an electric elevator. There was no particular person employed to operate the elevator, and plaintiff frequently operated it in the performance of his duties. There was a door at the elevator shaft on the first floor of the building, for the purpose of closing the shaft when the elevator was not at that floor.

It was the custom to load the truck on the second floor and run it onto the elevator. In the course of his employment, plaintiff operated the elevator until it came to the first floor, where he would stop it, run the truck off, and deliver the packages. There was no other way of taking the truck up or down between the floors of the building.

On the morning of the injury plaintiff used a bicycle in performing an errand. On his return he left the bicycle in a sort of court at the back of the building and walked over to the elevator shaft, the door of which was open. It appearing to him that the elevator was standing at that floor, he stepped into the shaft, and fell to the basement, receiving the injuries for which this action was instituted.

His mother, as his next friend, filed a claim for compensation with the industrial commission, and an award was made, under which defendant paid a total sum of $256.50. It was stipulated that that amount had been paid to plaintiff as compensation, doctor's bills and hospital bills, by virtue of an order of the industrial commission, and that if a verdict should be returned in favor of plaintiff, the defendant should be credited with the amount so paid. A verdict was returned in favor of plaintiff for the sum of $1,950.00, and judgment was rendered for the sum of $1,693.50, in accordance with the stipulation.

The principal ground urged for reversal is that prior to the institution of this suit, plaintiff invoked the jurisdiction of the industrial commission by filing his petition for an award against defendant; that the commission in its award found that plaintiff and defendant were operating under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, and that plaintiff is now estopped to assert that he was not under such act or that he was illegally employed.

Section 10 of the Child Labor Act of 1917, Cahill's St. ch. 48, ¶ 53, provides, among other things, that no

minors under the age of 16 years shall be employed in operating or assisting to operate any passenger or freight elevator. Nor shall they be employed in any capacity whatever in any employment that the Department of Labor finds to be dangerous to their lives or limbs, or where their health may be injured or morals depraved, etc.

The weight of the evidence shows that plaintiff's duties included the operation of the elevator in delivering merchandise with the truck. The test of the Child Labor Act is whether the actual work is connected with the operation of machinery or is otherwise dangerous. (*General Const. Co. v. Industrial Commission,* 314 Ill. 58.) In so far as plaintiff's duties were connected with the operation of the elevator, it is clear that he was illegally employed.

The first phase of the question which presents itself is whether or not the injury was cognizable by the industrial commission under the Workmen's Compensation Act. While the industrial commission has jurisdiction, generally, of all claims for accidental injuries, where the person injured was lawfully employed, it can hardly be doubted that the legislature, in engrafting provisions on contracts of hiring, had in mind only contracts which were valid in law, or, at least, contracts, the making of which was not prohibited by express legislative enactment. It would be entirely unreasonable to attribute to the legislature the intention of adding terms to a contract of hiring which it had already prohibited the parties thereto from making. The Workmen's Compensation Act applies only where the contract of hiring is a valid one. (*Grand Rapids Trust Co. v. Petersen Beverage Co.,* 219 Mich. 208.) It cannot be supposed that the legislature intended to make such contracts illegal, and at the same time to give them all the force and effect of legal contracts, so far as civil liability for injuries to minors are concerned. To so hold would tend to

encourage and not discourage the practice which the statute has declared illegal; for, in the event of an injury, the employer would suffer no more in the case of an illegal than of a legal employment. (*Lincoln v. National Tube Co.*, 268 Pa. 504.) The compensation act makes provision for compensation in certain cases therein specially provided. It defines what employment shall be deemed extrahazardous, but the employments so specified have reference only to the right to compensation under the act, and it does not attempt to fix a standard for any other purpose. Plaintiff was engaged in an occupation that required him to operate an elevator in violation of the Child Labor Act and he could not recover under the compensation act, but his remedy was under the Child Labor Act. (*Kowalczyk v. Swift & Co.*, 329 Ill. 308; *Roszek v. Bauerle & Stark Co.*, 282 Ill. 557; *Messmer v. Industrial Board,* 282 Ill. 562.)

It is therefore clear that the industrial commission was without jurisdiction to make the award and that the award was void. That being true, does the fact that plaintiff procured the award to be made by the commission, which found that he and defendant were operating under the Workmen's Compensation Act, estop him to deny that he was legally employed under that act, and prevent him from maintaining this cause of action? This question, so far as we know, has not been passed on by the Supreme Court of this State. In other jurisdictions it has been held that where a minor illegally employed was injured and made a settlement with his employer, which settlement was approved by a board or commission with functions similar to the industrial commission in this State, such minor was not precluded from maintaining a suit at law to recover the damages sustained. (*Stetz v. F. Mayer Boot & Shoe Co.*, 163 Wis. 151; *King v. Darlington B. & M. Co.*, 284 Pa. 277.)

It is well settled that a void judgment may be collaterally impeached in another proceeding by anyone with whose rights or interests it conflicts. The statement has been frequently made that where a court has jurisdiction of the parties and the subject-matter, its decree, however erroneous, can only be attacked on appeal or error; but the rule is subject to an exception equally well established,—that a decree may be void because the court exceeded its jurisdiction. Courts are limited in the extent and character of their judgments, and if they transcend their lawful powers their judgments and decrees are void and may be collaterally impeached wherever rights claimed under them are brought in question. The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment or decree cannot be collaterally assailed, is only correct where the court proceeds according to established modes governing the class to which the case belongs, and does not transcend, in the extent and character of its judgment or decree, the law or statute which is applied to it. One of the essentials of a valid judgment is that the court have jurisdiction to render that particular judgment. (*Armstrong v. Obucino,* 300 Ill. 140.) The proceedings of the industrial commission partake of the nature of judicial proceedings (*Nega v. Chicago Rys. Co.,* 317 Ill. 482), and the same rules of law are applicable to their awards as are applied to judgments and decrees of courts.

As a general rule the doctrine of estoppel is inapplicable to infants (*Wieland v. Kobick,* 110 Ill. 16), unless the conduct of the infant on which the estoppel is based has been intentional and fraudulent, and the infant was at the time of years of discretion. (*Lewis v. Van Cleve,* 302 Ill. 413.) If an estoppel can arise against an infant all the elements must concur. The conduct of the infant must have been fraudulent and

believed in and acted upon by the other party. (31 C. J. Infants, 1005.) If the element of fraud is wanting there is no estoppel. (*Davidson v. Young*, 38 Ill. 145; *Holcomb v. Boynton*, 151 Ill. 294.)

The demurrer to defendant's plea of former adjudication was correctly sustained. Defendant criticises two instructions given on behalf of plaintiff. They substantially follow the provisions of the statute and it was not error to give them. We are of the opinion that the award of the industrial commission is not *res adjudicata,* and that plaintiff is not estopped by reason of such proceedings. The judgment of the trial court is affirmed.

*Judgment affirmed.*