THEODORE CANISIUS *et al.*

*v.*

AHIRA MERRILL *et al.*

1. MECHANIC'S LIEN—*construction of the statute.* The mechanic's lien statute is in derogation of common right, and must receive a strict construction. The lien given is only for labor performed or materials furnished in erecting or repairing any building or the appurtenances thereof; it does not extend to other improvements made upon a farm, such as fencing.

2. INTEREST—*of the rate allowed.* Ten per cent interest is only allowable by virtue of an express contract to that effect between parties.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. CHARLES J. METZNER, for the plaintiffs in error.

Messrs. PARKS & ANNIS, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition to enforce a mechanic's lien for work and materials furnished by the petitioners for a house and improvements upon a certain farm, comprising a fractional quarter section of land owned by Emma Canisius, and occupied by her, together with her husband, the other defendant.

The petition sets forth that, between the 19th day of April and the 29th day of June, 1870, lumber to the amount of $32.49 was furnished for the erection of buildings and improvements on the premises; that on the 20th day of September, 1870, a contract in writing was entered into between the parties, under which the petitioners were to build a house upon the premises and furnish the lumber and materials for the same; that the work was finished on or about the 20th of January, 1871, and that $430 remains due and unpaid under that contract; that in the completing of the work $80 of extra

work was done; that on or about November 5th, 1870, a contract was made with the said Emma under which the petitioners furnished lumber, principally fencing and fence posts, to the amount of $80, to be used upon said farm in the improvement of it.

The petition alleges that the petitioners are entitled to interest upon the bills from the time they became due, at the rate of ten per cent after thirty days, and prays that an account may be taken of the amount due, with interest on the same since due.

A decree was entered by default against the defendants, finding the amount due to be $671.15, and ordering a sale of the premises to satisfy the same.

It is assigned for error in the decree that it admitted a lien for materials furnished for making improvements on a farm, and that it allowed ten per cent interest on the amounts due.

The statute gives the lien for labor or materials furnished for erecting or repairing any "building, or the appurtenances of any building," on any piece of land or town lot.

The statute is in derogation of common right, and is to receive a strict construction. The lien is only allowed for what is furnished for erecting or repairing a "building, or the appurtenances of any building," not for making other improvements on a farm.

One claim in the petition is for lumber furnished for the erection of buildings and improvements; another one is for lumber, principally fencing and fence posts, to be used upon the farm in the improvement of it. The decree finds the indebtedness to be for lumber and materials furnished for the construction of the house and improvements on the premises. It can not be intended that improvements on a farm mean the erecting or repairing of a building, or the appurtenances of a building, upon it. It should appear by the record that the case is clearly one within the statute.

Ten per cent interest is only allowable in virtue of an express contract to that effect between parties. The allegation

in the petition that the petitioners are entitled to interest on their bills from the time they became due, at ten per cent, after thirty days, appears to be a mere conclusion, without the statement of any contract from which it arises.

The principal amount of $430·was due under a contract in writing, which is·silent about interest. This rate of interest should not have been allowed by the decree.

In order to make up the amount found due by the decree, the petitioners must have been allowed their claim in full for what they furnished for making. improvements on the premises, as well as for erecting the building and its appurtenances, as also their claim of ten per cent interest.

The decree must be reversed and the cause remanded.

*Decree reversed.*