(No. 14076.—Order affirmed.)
CLYDE D. ARMSTRONG *vs.* KATIE OBUCINO, Appellee.—
(EARLE L. FISKE, Appellant.)

*Opinion filed October 22, 1921—Rehearing denied Dec. 14, 1921.*

1. JURISDICTION—*erroneous decree is not subject to collateral attack if court has jurisdiction.* A decree entered by a court of general jurisdiction having jurisdiction of the parties and the subject matter within the authority granted by law cannot be questioned collaterally, however erroneous, and a stranger to the record purchasing at a sale under such decree cannot be divested of his title.

2. SAME—*exception to general rule precluding collateral attack on erroneous decree.* The rule that an erroneous decree of a court which has jurisdiction of the parties and the subject matter can only be attacked on appeal or error is subject to an exception where the court has exceeded its jurisdiction and in its decree has transcended the law or statute to which it is applicable, as courts are limited in the extent and character of their judgments, and if they transcend their lawful powers their judgments and decrees are void and may be collaterally impeached.

3. JUDICIAL SALES—*sale under a void decree is a nullity.* Where a court, after acquiring jurisdiction, has assumed to enter a decree for a sale which goes beyond the limits of the jurisdiction and transgresses the law the decree is void, and the sale based thereon is likewise an absolute nullity.

4. MECHANICS' LIENS—*statutes creating mechanics' liens must be strictly construed.* Mechanics' liens are unknown to either common law or equity and depend for existence and enforcement on the statutes which create them, and such statutes, being in derogation of the common law, are to be strictly construed.

5. SAME—*when decree and sale for mechanic's lien are void—collateral attack.* Where a mechanic's lien is acquired after the amendment of 1917 providing that no sale shall be made until after the period of redemption, (Laws of 1917, p. 558,) a decree authorizing a sale under the statute as it existed prior to the amendment and which permitted a sale subject to redemption is contrary to the statute, and both the sale and the deed issued thereunder are void notwithstanding the purchaser was not a party to the proceeding.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

WILLIAM SLACK, for appellant.

WILLIAM T. DICKERMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The question in this case is whether a sale made contrary to the provisions of the statute but in conformity with the directions of the decree under which it was made, and a deed executed in pursuance of such sale and the provisions of the decree, are null and void and therefore subject to collateral attack, or merely irregular and erroneous, to be set aside only in a direct proceeding. The question arose in this way: On November 16, 1918, Clyde D. Armstrong filed in the circuit court of Cook county his bill of complaint, asking the court to declare a mechanic's lien in his favor on property of Katie Obucino for improvements made thereon under a contract entered into July 26, 1918, and completed September 21, 1918. Katie Obucino was served with process and answered the bill, and a replication having been filed, the issues were referred to a master in chancery. On his report a decree was entered establishing a lien for $511.48, fixing the master's fees on the reference at $100.30, and providing that in default of payment of the amount of the lien and costs of suit within five days the master in chancery should sell the property. The sale was to be made subject to redemption, and the decree stated in detail the particulars as to sale and rights of redemption according to the statute existing prior to July 1, 1917. The sale was made to Charles E. Guenberg, a stranger to the record, and a certificate of purchase was issued to him. The master reported the sale and it was confirmed by the court. Guenberg assigned the certificate to the appellant, Earle L. Fiske, and there being no redemption he received a master's deed at the expiration of fifteen months. Possession was refused to Fiske, and on

his petition a writ of assistance was ordered, and on December 22, 1920, Katie Obucino was dispossessed of the premises and possession was delivered to the appellant. On March 1, 1921, on motion of Katie Obucino the writ of assistance was quashed and it was ordered that she be forthwith restored to the possession of the premises. From that order this appeal was prosecuted.

Where a court of general jurisdiction, having jurisdiction of the parties and the subject matter, enters a decree within the authority granted to it by the law, the decree, however erroneous, cannot be questioned collaterally, and a stranger to the record, such as Charles Guenberg, purchasing at a sale under such decree, cannot be divested of his title. All that Guenberg was required to do was to look to the question of the jurisdiction of the court rendering the decree, and if the court had jurisdiction to order the sale as made he would be protected, however erroneous the decree. (*Guiteau* v. *Wisely,* 47 Ill. 433; *Wadhams* v. *Gay,* 73 id. 415; *Montanye* v. *Wallahan,* 84 id. 355; *Thompson* v. *Frew,* 107 id. 478; *Crawford* v. *Thomson,* 161 id. 161; *Ure* v. *Ure,* 223 id. 454; *Thompson* v. *Davis,* 297 id. 11.) The circuit court having jurisdiction of the class of cases to which this case belonged, acquired jurisdiction of the subject matter by the filing of the bill and obtained jurisdiction of the defendant by service of process and her appearance, and so far as the bill prayed for the establishment of a mechanic's lien the decree was within the jurisdiction and not subject to collateral attack.

The statement has very frequently been made that where a court has jurisdiction of the parties and the subject matter, its decree, however erroneous, can only be attacked on appeal or error; but the rule is subject to an exception equally well settled,—that a decree may be void because the court has exceeded its jurisdiction. The bill prayed for the enforcement of the lien by a sale beyond and contrary to the powers given by the statute for enforcing mechanics' liens, and it

does not follow that because the court had acquired jurisdiction of the parties and the subject matter it could make such a decree as was prayed for. Courts are limited in the extent and character of their judgments, and if they transcend their lawful powers their judgments and decrees are void and may be collaterally impeached wherever rights claimed under them are brought in question. The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment or decree, however erroneous, cannot be collaterally assailed, is only correct when the court proceeds according to the established modes governing the class to which the case belongs and does not transcend in the extent and character of its judgment or decree the law or statute. which is applicable to it. *(Windsor* v. *McVeigh,* 93 U. S. 274; *United States* v. *Walker,* 109 id. 258; *Rogers* v. *Dill,* 6 Hill, 415; *Folger* v. *Columbian Ins. Co.* 99 Mass. 267; *Fithian* v. *Monks,* 43 Mo. 502; *Seamster* v. *Blackstock,* 83 Va. 233; *Anthony* v. *Kasey,* id. 338; *Charles* v. *White,* 214 Mo. 187.) Where a court, after acquiring jurisdiction, has assumed to enter a decree for a sale which goes beyond the limits of the jurisdiction and transgresses the law the decree is void, and the sale based thereon is likewise an absolute nullity. (16 R. C. L. 7.)

One of the essentials of a valid judgment is that the court have jurisdiction to render that particular judgment. *(Russell* v. *Shurtleff,* 28 Colo. 414.) A law authorized the confiscation of the property of confederate officers by a proceeding in court. The confiscation was to be for the life of the officer, and the United States district court having jurisdiction decreed a sale of the property of the confederate officer Forrest but ordered the full title sold. The sale was made and the heir brought ejectment. It was held the court had no jurisdiction to order the sale beyond the lifetime of the officer and the decree and sale were void to that extent. *Bigelow* v. *Forrest,* 9 Wall. 339.

Mechanics' liens are unknown to either common law or equity and depend for their existence and enforcement on the statutes which create them. Such statutes being in derogation of the common law are to be strictly construed. *(Canisius* v. *Merrill,* 65 Ill. 67; *Belanger* v. *Hersey,* 90 id. 70; *Butler & McCracken* v. *Gain,* 128 id. 23; *Provost* v. *Shirk,* 223 id. 468; *Turnes* v. *Brenckle,* 249 id. 394.) Prior to July 1, 1917, the statute prescribed a certain method for the enforcement of a mechanic's lien by a sale of the premises upon due notice, the recording of the certificate of sale, and the execution of a master's deed at the expiration of fifteen months if the property should not be redeemed. The statute provided, and still provides, for enforcing the lien by a sale in the same manner as other sales of real estate are made under decrees in chancery. In 1917 the legislature amended the sections providing for the method of sale of the property and provided that the amended sections should not apply to the enforcement of contracts, decrees and liens existing prior to July 1, 1917, but that such amended sections should govern the enforcement of all decrees for liens arising after July 1, 1917. The effect was to repeal the statute as to all liens coming into existence after July 1, 1917, and substitute therefor the amended sections, which provided that no sale should be made until after the period of redemption. As to all such liens the law provides periods of redemption for the defendant and those claiming under him, and for decree or judgment creditors, and a sale after the expiration of fifteen months from the first certificate of levy. (Laws of 1917, p. 558.) There is a statutory provision for sales of property in separate parcels where that can be done, and it has been held that a sale *en masse,* contrary to that statute, is not subject to collateral attack although the sale would be set aside upon a proper and seasonable application therefor. *(Osgood* v. *Blackmore,* 59 Ill. 261; *Hay* v. *Baugh,* 77 id. 500; *McHany* v. *Schenk,* 88 id. 357; *Palmer* v. *Riddle,* 180 id. 461.) But that is a very differ-

ent proposition from the question whether a decree, and sale made under it, would be merely erroneous and not void if the decree ordered the sale made *en masse,* contrary to the statute. The decree entered in this case was directly contrary to the statute and transcended in its extent and character the law governing sales for the enforcement of liens. By it and the sale made under it Katie Obucino was deprived of material rights, and the sale and deed were void and the order confirming the sale was pronounced without jurisdiction.

The sale and deed being null and void, the order quashing the writ of assistance and ordering a restoration of the premises to Katie Obucino was correct, and it is affirmed.

*Order affirmed.*