## Fred E. Hummel, Trustee, Appellant, v. James R. Cardwell et al., Appellees.

### Gen. No. 9,936.

 Opin-
ion filed February 16, 1944. Rehearing opinion filed July 20, 1944.

SIDNEY H. BLOCK, of Waukegan, for appellant.

OSCAR S. SEAVER, of Chicago, for certain appellee.

EDWARD G. BERGLUND, of Chicago, for certain other appellee.

BARRE BLUMENTHAL, of Chicago, for certain other appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

The appellant, Fred E. Hummel, is the trustee in bankruptcy of the estate of Dorothea W. Huszagh, who is a beneficiary under a trust, created by the last will of her father, Frederick H. Wickett, deceased. Dorothea W. Huszagh filed her petition to be adjudged a bankrupt on August 17, 1940. In her bankruptcy schedules she stated that under a creditor's bill proceeding, in the circuit court of Lake county, her interest and estate in the trust had been sold by the master in chancery under a decree of sale entered on November 17, 1939, to her judgment creditor, James R. Cardwell.

Hummel was appointed trustee in bankruptcy on October 24, 1940. On November 15, 1940, he filed in the circuit court of Lake county, his complaint (bill of review) against James R. Cardwell, Dorothea W. Huszagh, and also Fred J. Wegg as the sole trustee under the will of Frederick H. Wickett, to review the proceedings and decree in the creditor's suit. The defendants filed their respective answers to the complaint and Dorothea W. Huszagh also filed a counterclaim. After a hearing before the chancellor, both the complaint and the counterclaim were dismissed as being without equity. From this decree Hummel has appealed. All of the defendants have filed cross-appeals resulting in a diversity of contentions being

vigorously urged in this court by the different parties to the suit.

The creditor's bill of the defendant, James R. Cardwell, is governed by the provisions of section 49 of the Chancery Act (sec. 49, ch. 22, Ill. Rev. Stat. 1943; Jones Ill. Stats. Ann. 106.12), which is as follows: "Whenever an execution shall have been issued against the property of a defendant, on a judgment at law or equity, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a complaint against such defendant, and any other person, to compel the discovery of any property or thing in action, belonging to the defendant, and of any property, money or thing in action due to him, or held in trust for him, and to prevent the transfer of any such property thereof to the defendant, except when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself. The court shall have power to compel such discovery, and to prevent such transfer, payment or delivery, and to decree satisfaction of the sum remaining due on such judgments, out of any personal property, money or things in action, belonging to the defendant, or held in trust for him, with the exception above stated, which shall be discovered by the proceeding in chancery, whether the same were originally liable to be taken in execution at law or not; Provided that no answer made to any complaint filed under this and the preceding section shall be read in evidence against the defendant on the trial of any indictment for fraud charged in the complaint."

As heretofore stated the decree of sale directed the master in chancery to sell all the right, title and interest of Dorothea W. Huszagh in the trust estate created by the will of Frederick H. Wickett. This decree was a determination that such interest was subject to sale under a creditor's bill. At the time the credi-

tor's bill was filed and when the decree of sale thereunder was entered, she had no interest, benefit or property given to her by the will, except such interest and estate as came to her as a *cestui que trust.* The claim of the judgment creditor, Cardwell, that as the purchaser of her title and interest in and to the trust estate under the decree of sale entered on November 17, 1939, necessarily rests on the validity of that decree, as now opposed to the claim of Hummel, that Dorothea W. Huszagh's interests and estates in the trust passed to him, as trustee in bankruptcy, upon the filing of her petition in bankruptcy. The validity of the decree of sale is vital to the claim of Cardwell and to the contention of the testamentary trustee, Wegg, that Cardwell's claim is prior or superior to the claim of the trustee in bankruptcy. It is the duty of this court to decide whether the circuit court had jurisdiction of the subject-matter of the suit based on the creditor's bill which is now brought into review. If the decree of sale is void, owing to the circuit court's lack of jurisdiction to render such a decree, nothing was presented for review, except the validity of the decree of sale.

The will of Frederick H. Wickett provides for the payment of his debts and makes specific bequests, which are not necessary to consider in construing his will. The residue of his estate, the testator devises and bequeaths to Fred J. Wegg (and Norman M. Hancock who refused to act) in trust for uses and purposes set forth in the will. The will provides that if one of the trustees refused to act the one accepting the trusteeship should have all the powers given to the two trustees. The trustees are given full power and absolute control of the residuary estate, to manage and dispose of it, or any part thereof, as they deem best. They are empowered to sell, assign or exchange, invest and reinvest, any and all of said property at such time and prices as they see fit. The proceeds of such

sales to become part of the trust estate and subject to the terms of the trust.

The tenth clause of the will is as follows: "My said trustees are directed to pay out of the net income of this trust estate to my wife, Alice W. Wickett, for and during the term of her natural life the sum of Fifteen Hundred Dollars ($1500.00) per month. In the event that said net income is not sufficient to pay my wife the sum of Fifteen Hundred Dollars ($1500.00) per month, then I direct my said trustees to pay such deficiency out of the corpus of this trust estate as may be necessary to secure to my said wife an income of not less than Fifteen Hundred ($1500.00) dollars per month. I expressly authorize and empower my said trustees to pay to my said wife, either out of income or out of the corpus of my estate, such further and other sum or sums of money, from time to time, as in their judgment shall seem fit, having in mind the needs and requirements of my wife."

The eleventh clause of the will is as follows: "Upon the death of my said wife, my said trustees are directed to pay the net annual income of my said trust estate, in such instalments as in their judgment shall seem best, equally to my children, Dorothy Huszagh and Marjorie Huszagh, share and share alike. My said trustees are, however, expressly authorized and empowered to pay over and deliver to my said children, Dorothy Huszagh and Marjorie Huszagh, from time to time, as in their judgment shall seem fit, such further or other portion of the corpus of this trust estate; Provided, however, that at all times both of my said children shall be treated equally, so far as the division of said trust estate is concerned."

The fifteenth clause of the will is as follows: "I hereby expressly authorize and empower my trustees from time to time to pay any part of the corpus of this trust estate to any of my relatives if, in the opinion of my said trustees, they may be in want or need of assistance."

Alice W. Wickett, the widow of the testator, renounced the provisions of the will for her benefit. The legal title and possession of the testator's estate relinquished by her renunciation, with other residuary assets of his estate as provided by the will, passed to the trustee, Wegg, as part of the trust estate. (*Dunshee v. Dunshee,* 251 Ill. 405.) The will does not provide that Dorothea W. Huszagh survive her mother to be entitled to the net income from the trust estate. Under the eleventh clause of the will the trustees are directed to pay the "net annual income" of the trust estate to the two daughters, Dorothea W. Huszagh and Marjorie Huszagh, equally. It is necessary to refer to the pleadings and the decree of sale in the creditor's suit to determine the contention of Dorothea Huszagh and Wegg, the testamentary trustee, and the contention of Cardwell.

It is contended by Dorothea Huszagh and Wegg that the trust created by the will of Frederick H. Wickett is a Spendthrift Trust. In her answer to the creditor's bill of Cardwell, Dorothy Huszagh alleged that the trust is in the nature of a Spendthrift Trust and not subject to any legal or equitable assignment, by operation of law, or otherwise, and that the plaintiff (Cardwell), is not entitled to have such interest in the trust sold for the purpose of having the proceeds of the sale thereof, applied in satisfaction of his judgment. In the decree ordering the sale of Dorothea Huszagh's interest in the trust, the court decided her interest in the trust estate, constitutes personal property, which did create a trust, but not a Spendthrift Trust, and that her interest in the trust is subject to equitable attachment and sale for the purpose of satisfying, in whole or part, as the case may be, the unpaid judgment in favor of Cardwell. The circuit court had jurisdiction of the parties and the subject-matter of the trust bearing on the questions as to whether the trust was a Spendthrift Trust. The court decided that the trust is not a Spendthrift Trust. The court hav-

ing had jurisdiction, it is immaterial whether its judgment was erroneous, since the judgment is binding on the parties and on every court, unless reversed or annulled in a direct proceeding. This finding, or judgment of the court is not subject to collateral attack. (*Wood v. First Nat. Bank of Woodlawn,* 383 Ill. 515.) It is also to be noted that the finding that the trust was not a Spendthrift Trust was entered at the insistence of Cardwell and in his favor, and that Dorothea W. Huszagh, after the decree of sale was entered, agreed with Cardwell that she would not file a bill of review to question the proceedings taken in the creditor's suit. Neither of these parties is now in a position to question the soundness of the finding that the trust is not a Spendthrift Trust. (*Harrigan v. County of Peoria,* 262 Ill. 36, 43.)

In the trial court the creditor's suit turned solely on the question whether the trust was a Spendthrift Trust, and the chancellor having found that it was not, ordered the sale of Dorothea Huszagh's interest in the trust sold to satisfy the unpaid judgment of Cardwell, as above stated. In her answer to the creditor's bill, Dorothea W. Huszagh also alleged: "The entire consideration for said trust estate was derived from the estate of the late father of this defendant, and this defendant did not contribute anything to the assets of said trust estate, and that, as a matter of law, and as a matter of equity and good conscience, it was intended by the late father of this defendant, as appears from his said will, whatever interest this defendant had in said trust estate should not be subject to any attachment, legal or equitable." This part of the answer was probably understood by the chancellor, on the hearing thereof, as, in effect, an allegation that the trust was a Spendthrift Trust. It appears from the record that the chancellor at that time was not informed of the provision of section 49 of the Chancery Act, excepting property held in trust for a defendant to a creditor's bill, from an equitable lien in favor of his judgment creditor.

It is contended by Hummel (trustee in bankruptcy) the plaintiff in the bill of review, that the circuit court did not have jurisdiction to enter a decree of sale of Dorothea W. Huszagh's interest in and to the trust because it is in contravention of the exception of section 49 of the statutes.

After Hummel as trustee, etc., filed his petition for a bill of review, James R. Cardwell on November 15, 1940, filed a motion to strike the same. On December 13, 1940, Cardwell filed an amended motion to dismiss the complaint. One of the reasons in support of his motion to dismiss is as follows: "The right, title and interest of Dorothea W. Huszagh in said trust, is under and by virtue of section 49, chapter 22, of the Illinois Revised Statute exempt property and cannot be reached by the creditors of Dorothea W. Huszagh, and by reason thereof, no interest passed to Fred E. Hummel as trustee, by reason of the adjudication of said Dorothea W. Huszagh as a bankrupt." In the motion to strike the same reason was given. Both of said motions were sworn to. In the answer of James R. Cardwell filed to the complaint for review, in, "Affirmative defenses," he states: "Dorothea W. Huszagh did not set up or in any wise refer to the provision of section 49, chapter 22 of the Revised Statute as a defense to the creditor's bill in case No. 40999."

On December 20, 1940, the defendant, Wegg as trustee in said estate, filed his motion to dismiss the complaint for review. One of the reasons given in his motion is: "The subject-matter, subject to be reviewed was an interest that Dorothea W. Huszagh had, under the last will and testament of Frederick H. Wickett, deceased, and was not subject to attack by any creditor or person representing any creditor of Dorothea W. Huszagh under the terms of section 49, chapter 22 of the Revised Statute of Illinois." This motion was sworn to.

On February 17, 1941, the defendant, Dorothea W. Huszagh, filed her answer and counterclaim. Para-

graph 5 of the answer is: ''The allegations contained in paragraph 10 of the answer filed by Dorothea W. Huszagh in said case No. 40999, is that the entire consideration for said trust estate was derived from the estate of the late father of this defendant, and this defendant did not contribute anything to the assets of said trust estate, and that, as a matter of law, and as a matter of equity and good conscience, it was intended by the late father of this defendant, as appears from his said will, that whatever interest this defendant had in said trust estate should not be subject to any attachment, legal or equitable,—are true, and are admitted in the record; there is no dispute regarding the language of the will of Fred H. Wickett, creating said trust estate, or in regard to any facts set forth verbatim in the answer of Dorothea W. Huszagh filed in case No. 40999.'' From an examination of the motions, and the answers of James R. Cardwell and Dorothea W. Huszagh, it is clear that the defendants in the bill for review, were relying upon the fact that the trust fund now in question was exempt property under the statute, and that the trustee in bankruptcy was not entitled to maintain his suit to recover the same.

As before stated, in the original creditor's bill suit it was claimed in the answer filed by Dorothea W. Huszagh that all of the trust estate was exempt property, because it was derived from the estate of her father, and that she did not contribute anything to the assets of said trust estate, and that the same was not subject to any attachment, legal or otherwise. This answer was filed on November 4, 1939. On November 10, 1939, James R. Cardwell served a notice on the attorney for the defendant, Dorothea W. Huszagh, in which it is stated that James R. Cardwell, in view of the fact set forth in the answer of the above named defendants to the complaint filed herein, and in view of the fact that the principal controversy between the parties was based on questions of law, etc., would ask the court

to set the cause for immediate hearing. The case was heard on November 17, 1939.

A part of subsection 2 of section 40 of the Illinois Practice Act, Smith-Hurd's Ann. Stats. [Jones Ill. Stats. Ann. 104.040], is as follows: "Every allegation, except the allegation of damages, not explicitly denied, shall be deemed to be admitted, etc." This statute applies to new matter raised by answer as well as in the original pleadings, or amendments thereto. The plaintiff saw fit to go to trial without filing a reply, or denying these material allegations of fact set forth in the answer to the creditor's bill, which was a complete defense to his suit, and therefore he has admitted all such facts well pleaded. We are aware that some courts have held that by going to trial without filing a reply to the new matter, in some instances this rule would not apply, but our attention has been called to no case that will change the rule or the statute, where the plaintiff, before his time has expired under the statute, or rule of court to file a reply, has demanded a hearing on the pleadings in the case.

It is stated in *Watt v. Cecil*, 368 Ill. 510, at page 517: "In an unbroken sequence from *DeWolf v. Long*, 2 Gilm. 679, to *Headen v. Cohn*, 292 Ill. 210, this court has repeatedly held that where no replication is filed and the cause is tried upon bill and answer, the answer is taken as true. . . . *It cannot be seriously contended that the Civil Practice Act, with its more specific requirements, relaxes the rule.*"

In the decree of the creditor's bill suit, the court found: "The interest of Dorothea W. Huszagh in said trust estate constitutes personal property of an equitable nature predicated upon the terms of said will of Frederick H. Wickett, deceased, which did not create a trust in the nature of a spendthrift trust." The will of Frederick H. Wickett is a part of the record in this case. That part of the will which creates a trust in favor of Dorothea W. Huszagh is clear and unam-

biguous and shows that the father created a trust in favor of his daughter, Dorothea, wholly out of assets of his own estate.

During the trial of the present case, the court filed a memoranda opinion which is incorporated in the record of the case. It is as follows: "It is apparent on the face of the decree entered in the original suit,—in fact, there can be no other conclusion,—that said decree erroneously, as a matter of law, subjected to sale a trust estate that was specifically protected from any such sale by the very terms of the statute on which the proceeding itself was based. Without question it is apparent on the face of the decree that in entering such decree this court erroneously misapplied the law applicable to the admitted and undisputed facts.

"While not necessary or material to this decision, we cannot refrain from saying, and believe we should so advise the attorneys, that the statute (sec. 49, ch. 22) is so specific and plain in its terms that as a conclusion of law it is difficult to understand how this court could have intelligently or consistently entered such final decree, or to understand how the attorney for the plaintiff could have consistently asked for or obtained the entry of any such decree, or to understand how, considering the large amount of money involved, the attorneys for the defendants could have consistently permitted any such decree to stand without having the same reviewed by appeal or otherwise, without even having filed a certificate of evidence, if there was in fact any evidence.

"As a matter of fact (although perhaps not apparent on the record) it is apparent that this court was imposed upon by not being advised of the law. The court believes it now has the power to and should correct the error."

From the pleadings in the creditor's bill suit, the findings of fact by the court in the decree, the facts stated by the defendants in their motion to strike and

dismiss the suit in the present case, the answers filed by Cardwell and Mrs. Huszagh, and the memoranda opinion of the chancellor, it is clear that any presumption that the court heard evidence concerning Dorothea W. Huszagh's contribution to the trust in question, or that the court found that she had so contributed, is overcome. We determine and find that no such evidence was heard.

To meet this contention of Hummel, the judgment creditor, Cardwell, contends that the court did have jurisdiction to order the sale of Dorothea's interest in the trust, and such order, although it may be erroneous, is not subject to review, by a bill of review; also, that if it be decided that the court did not have jurisdiction to enter the decree of sale, that there was an equitable assignment by Dorothea W. Huszagh of her interest in the trust to Cardwell; further, that Dorothea W. Huszagh and her trustee in bankruptcy are estopped to urge the question of jurisdiction, of the circuit court to enter the decree of sale.

From an examination of the evidence as abstracted, we cannot agree with the contention of the appellee that there was an equitable assignment of her interest in the trust fund to Cardwell, or that the trustee in bankruptcy is estopped from questioning the jurisdiction of the circuit court to enter the decree of sale in the creditor's bill.

It has been frequently stated that where a court has once acquired jurisdiction of the parties and the subject-matter of the suit, its judgment or decree, however erroneous, can be attacked only on appeal, or writ of error. This, no doubt, is a correct statement of the law, but it is subject to a well known exception, *viz;* that the court must have jurisdiction and authority to render such decree or judgment. In the case of *McInness v. Wilson Printing Co.*, 258 Ill. App. 161, this court had occasion to pass upon the question whether a decision of the industrial commission in granting a

minor compensation, when the minor was employed in violation of the Child Labor Law, could be attacked in a collateral proceeding. This court speaking through Mr. Justice Jones, on page 167 of the opinion, uses this language: "It is well settled that a void judgment may be collaterally impeached in another proceeding by anyone with whose rights or interests it conflicts. The statement has been frequently made that where a court has jurisdiction of the parties and the subject-matter, its decree, however erroneous, can only be attacked on appeal or error; but the rule is subject to an exception equally well established,—that a decree may be void because the court exceeded its jurisdiction. Courts are limited in the extent and character of their judgments, and if they transcend their lawful powers their judgments and decrees are void and may be collaterally impeached wherever rights claimed under them are brought in question. The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment or decree cannot be collaterally assailed, is only correct where the court proceeds according to established modes governing the class to which the case belongs, and does not transcend, in the extent and character of its judgment or decree, the law or statute which is applied to it. One of the essentials of a valid judgment is that the court have jurisdiction to render that particular judgment. (*Armstrong v. Obucino,* 300 Ill. 140.) The proceedings of the industrial commission partake of the nature of judicial proceedings (*Nega v. Chicago Rys. Co.,* 317 Ill. 482), and the same rules of law are applicable to their awards as are applied to judgments and decrees of courts." The *Armstrong v. Obucino* case, *supra,* has been cited with approval numerous times, both by our Appellate and the Supreme Court.

*Armstrong v. Obucino, supra,* is reviewed in the case of *Wood v. First Nat. Bank of Woodlawn,* 383 Ill. 515,

and it is there stated: "The *Armstrong* case was an action under the Mechanic's Lien Act to declare a lien in favor of the plaintiff for material which had been used in the improvement of defendant's property pursuant to a contract. The decree fixed the amount due and directed the master in chancery to sell if the same was not paid. The sale was to be made subject to redemption and the decree set forth the details as to the sale and right of redemption according to the statute as it existed prior to July 1, 1917. The act under which the sale was directed had been amended in 1917 and the decree directed a sale contrary to the provisions of such amendment. It was held that the sale and all the proceedings following it were void, and this was necessarily so for the reason that the jurisdiction of the court to direct a sale and prescribe its terms was provided by statute and the court had no jurisdiction to enter a decree which transcended the statutory provisions."

In *Hubbell v. Canady*, 58 Ill. 425, the right of homestead was involved which had not been released according to statute, and had been sold under a decree of court. The judgment was never appealed from, and a bill in equity was filed to set aside the sale. The court held that the former judgment and sale were void and could be questioned, either in a direct, or collateral attack, as the court exceeded its jurisdiction by rendering such a decree of sale.

In the case of *Wiggins v. Chance*, 54 Ill. 175, it was held: Where premises occupied as a homestead are of value not exceeding one thousand dollars, they are not subject to levy and sale under execution against the owner, and should the premises thus situated be sold under such process, and there being no redemption, and a sheriff's deed made to the purchaser, no title will pass thereby, and the sale would be void. To the same effect is *Van Winkle v. Weston*, 276 Ill. App. 66; *Klosowski v. Klosowski*, 266 Ill. 360; *Sheahan v.*

*Madigan,* 275 Ill. 372; *Voss v. Rezgis,* 343 Ill. 451; *Holterman v. Poynter,* 361 Ill. 617; *Imhoff v. Lipe,* 162 Ill. 282; *Binns v. La Forge,* 191 Ill. 598. There is a clear statement of the law in *Thayer v. Village of Downers Grove,* 369 Ill. 334 to-wit: "It is the rule, as frequently stated by this court, that a judgment or order of confirmation of an assessment cannot be set aside after the term at which it is rendered, nor after the expiration of thirty days following the entry thereof. (*Village of Dolton v. Dolton Estate,* 331 Ill. 88; *Noonan v. Thompson,* 231 id. 588; *McChesney v. City of Chicago,* 161 id. 110.) There are two exceptions, however, to this rule; one is where the court was without jurisdiction to render the judgment entered, and the other is where the judgment was obtained by fraud. (*Village of Dolton v. Dolton Estate, supra.*) Where the court entering the judgment has exceeded its jurisdiction and such judgment or decree transcends the statute conferring jurisdiction on the court, such judgment or decree is void and may be collaterally impeached or set aside on motion after the time for review by appeal has expired. (*Gray v. Black Co.,* 338 Ill. 488; *City of Belvidere v. Iles,* 330 id. 31; *People v. Brewer,* 328 id. 472; *Armstrong v. Obucino,* 300 id. 140.) It is a rule well established that a void judgment or order may be vacated at any time and the doctrines of laches and estoppel do not apply. Jurisdiction in a particular case is not only the power of the court to hear and determine it, but also the power to render the particular judgment entered, and every act of the court beyond its jurisdiction is void. *People v. Shurtleff,* 355 Ill. 210; *People v. Circuit Court of Washington County,* 347 id. 34; *People v. Siman,* 284 id. 28; *Ex Parte Reed,* 100 U. S. 13, 25 L. ed. 538."

In the case of *Binns v. La Forge,* 191 Ill. 598, the court in deciding that a trust fund, created similar to Mrs. Huszagh's cannot be reached by a creditor's bill, stated that when such a trust in good faith, has been

created, or the fund so held in trust proceeded from some person, other than the defendant himself, is expressly excepted from the property which may be reached by a creditor's bill. The trust fund in this case having proceeded from a person other than Dorothea W. Huszagh falls within the law and spirit of the statute, and is protected. The trust thus created rests in a large part on the ground that the creditor is not defrauded, and therefore has no cause of complaint, because the owner of the property, in the free exercise of his will so disposed of it, that the object of his bounty, who has parted with nothing in return, has sufficient income to provide for her support during life. As to whether the trustee in bankruptcy is entitled to the trust fund, we express no opinion, as that is a matter to be determined by the bankruptcy court.

It is our conclusion that the trial court did not have jurisdiction or authority to render a decree for the sale of Dorothea W. Huszagh's trust fund, which was created for her benefit, by her father's will, and that said decree is null and void, and that James R. Cardwell took nothing at the sale of the same. The trustee in bankruptcy has a right to challenge the validity of the sale of the trust estate.

That part of the decree which dismissed the counterclaim of Dorothea W. Huszagh is affirmed. The decree dismissing the petition for a bill of review is reversed and the cause remanded to the circuit court of Lake county, with directions to vacate and set aside its decree of sale entered November 17, 1939, and also the decree of December 15, 1939, which approved the report of sale, and to restore Dorothea W. Huszagh to her former status and condition under her father's will, as though the former decrees had not been rendered.

*Affirmed in part, reversed in part with directions.*