**CARBONDALE NAT. BANK v. BROWN,**
Public Adm'r, Los Angeles County, Cal.,
et al.

No. 1185.

District Court, E. D. Illinois.

May 24, 1946.

Feirich & Feirich, of Carbondale, Ill., for plaintiff.

Ferrell & Hay, of Marion, Ill., for Margaret Felts.

Robert Broderick (of Pope & Driemeyer), all of East St. Louis, Ill., and Edmund P. Kelly, of Chicago, Ill., for Ben H. Brown.

WHAM, District Judge.

On August 20, 1945, Reata J. Maxton, a resident of the State of California, died intestate at Los Angeles, California, leaving as her only heirs at law Laura James, her mother, and Earl James, her brother, both under commitment by the County Court of Williamson County, Illinois, to the Anna State Hospital at Anna, Illinois, and leaving as her next of kin in Illinois who was legally competent one Margaret Felts, a cousin. Decedent left no real estate but left certain personal property in California and at the time of her death had on deposit in the Carbondale National Bank in Carbondale, Illinois, two accounts which aggregated $5,362.55.

On September 17, 1945, said Margaret Felts was appointed administrator of decedent's estate by the County Court of Jackson County, Illinois (wherein Carbondale, Illinois, is located), and on September 20, 1945, Ben H. Brown, Public Administrator of the County of Los Angeles, State of California, was appointed administrator of decedent's estate by the Superior Court of the County of Los Angeles, California. Both administrators made demand on said bank for payment of said deposits. The bank filed in this court its complaint of interpleader and deposited in the registry of the court the full amount of $5,362.55 to be paid to the party or parties lawfully entitled to receive it. Answers were filed by both administrators and each filed a claim for the whole fund. A judgment in interpleader was entered on January 25, 1946, releasing the plaintiff from any and all liability and ordering the clerk of the court to pay the plaintiff out of the fund the sum of $24.38 court costs advanced by plaintiff and the further sum of $150 attorney fees and ordering the remainder of said fund to be retained to be thereafter distributed in accordance with the further order of the court.

At the trial before the court upon the claims of the respective administrators the evidence established the due and lawful appointment and qualification of each administrator in the jurisdiction of appointment, the filing of a claim against the estate by John Hastie & Sons of Carterville, Illinois, for $45 in the County Court of Jackson County on November 5, 1945, through the attorneys who represent the Illinois administrator here, and the subsequent allowance of said claim by that court. The California administrator, during the trial, tendered to counsel for the Illinois administrator a draft in the amount of $50, endorsed by the payee to the order of Margaret Felts, as administrator of the estate of Reata J. Maxton, deceased, in payment of said claim of John Hastie & Sons and after such tender of record offered said draft, so endorsed, in evidence. Counsel for the Illinois administrator refused the tender and objected to the admission of the draft in evidence on the ground of immateriality. The proof failed to show any prior tender to said John Hastie & Sons or to any one for

them in payment of said debt and failed to show that said debt had been satisfied before the letters of administration were issued by the County Court of Jackson County, Illinois, or at any other time. While it was stated by counsel for both parties that no other claims or debts owed by the deceased in Illinois were known to be outstanding, no proof was made that no such claims or debts were outstanding and unpaid.

◼ The rights of the parties to the fund in question are governed by the laws of Illinois. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. There has been no contention to the contrary. The laws of Illinois make provision for the appointment of an administrator of the estate of a deceased non-resident who leaves personal property having a situs in Illinois in the county where the greater portion of such personal property is located at the time of the decedent's death. Ill.Rev.Stat.1945, chap. 3, sec. 206. All of the personal property left by the decedent here was located in Jackson County, Illinois, (Ill.Rev.Stat.1945, chap. 3, sec. 207) and the appointment of an administrator was properly made in that county. In the absence of any competent person having a higher preference under the provisions of the governing statute said Margaret Felts, as next of kin, was eligible to receive letters of administration. Ill.Rev.Stat.1945, chap. 3, sec. 248. After she had given the required bond and the letters of administration had been issued to her she was entitled to proceed with her duties as such administrator. Among her duties was the reduction to possession of all assets of the estate which were located in Illinois, subject, however, to any laws of Illinois which might give superior rights to the domiciliary administrator.

◼ Letters of administration, even though issued by a court of competent jurisdiction in the state of decedent's domicile, have no extraterritorial effect outside of the jurisdiction in which they are issued, even in suits in federal courts, except as permitted by the law of the foreign state. Johnson v. Powers, 139 U.S. 156, 11 S.Ct. 525, 39 L.Ed. 112; Barber v. Keiser, 202 Ill.App. 377; In re Rawitzer, 175 Cal. 585, 166 P. 581; Klug v. Martinsburg Power Co., D.C., 229 F. 861; Morgan v. Potter, 157 U.S. 195, 15 S.Ct. 590, 39 L.Ed. 670; Horner Probate Practice and Estates, 1940 Edition, Vol. 2, § 774. Hence, any rights or powers of the California administrator here must be found in the laws of Illinois.

The rights given a domiciliary administrator of a non-resident decedent's estate by the laws of Illinois to collect the personal assets of the decedent located in Illinois, in so far as pertinent here, is found in § 416 of chap. 3 of the Rev.Stat. of Ill. 1945. Under the provisions of that section the California administrator was lawfully entitled to collect and receive the deposits in question from the bank only upon delivering to the bank his affidavit that to his knowledge (a) no letters, which had been issued upon the petition of an heir, legatee, devisee or creditor of decedent were then outstanding on the estate in this state, (b) no petition for letters by an heir, legatee, devisee or creditor of decedent were pending on the estate in this state, and (c) that there were no creditors of the estate in this state, together with authenticated copies of his letters of administration and of the order of the court which issued letters to him authorizing him to collect, receive and remove the personal estate.

◼ What the demand of the California administrator upon the bank actually contained does not appear from the evidence. From the evidence before this court it would seem that such affidavit could have met requirements (a) and (b) since Margaret Felts to whom the letters were issued in Jackson County is not an heir, legatee, devisee or creditor of the estate but he could not have met requirement (c) since there was and at all times has been a creditor of the estate in this state. Consequently, the bank could not lawfully turn the deposits over to him.

◼ Is the California administrator in any better position in this court of equity in an interpleader suit? His claim here seems to rest on asserted equitable grounds

and what he conceives to be the best interests of the estate. In support of his position he cites Headen v. Cohn, 292 Ill. 210, 126 N.E. 550; Ramsay v. Ramsay, 196 Ill. 179, 63 N.E. 618; and Rosehill Cemetery Co. v. City of Chicago, 352 Ill. 11, 185 N.E. 170, 87 A.L.R. 742. But those cases are not controlling. This court is bound by the law of Illinois as it existed and the facts must be considered as they were, at the time the interpleader suit was filed.

When the Illinois administrator procured the letters of administration, not being an heir, legatee, devisee or creditor, she was charged with knowledge that if a domiciliary administrator was appointed he would be entitled to collect the bank accounts unless there were, in fact, one or more bona fide creditors of the estate in Illinois. If there had been no such creditor, and if the domiciliary administrator had collected the bank deposits she would have had no funds to administer. If the bank refused to turn the funds over to the domiciliary administrator under those circumstances, this court would be bound to award the funds to him.

But the facts are that one creditor did exist and before the interpleader suit was filed here he had filed his claim for $45 and it had been allowed by the County Court of Jackson County, Illinois. Though no other debts are outstanding to the knowledge of any one, the time for filing claims, if such debts should exist, has not passed. The significance of this fact need not be considered here as the existence of the single outstanding debt in Illinois foreclosed the domiciliary administrator from a right to collect the personal assets of the estate on the strength of his letters and entitled the ancillary administrator to collect them. The fact that there is apparently but a single claim and that it is relatively small creates no exception under said section 416 of the statute.

In view of what has been said it seems apparent that when the letters of administration were issued to Margaret Felts by the County Court of Jackson County Illinois, the factual situation was such that she had a lawful right to collect and administer the personal assets of the estate which were located in Illinois even though a domiciliary administrator were theretofore or thereafter appointed and made claim for the assets, as provided by said section 416. The right of that court and its appointee having attached, this court must respect those rights by its decree.

The claim of the creditor of the estate having been allowed by the County Court of Jackson County in a proceeding lawfully pending therein the tender of the amount of the claim at the trial in this court was without legal effect. The objection to the tender and to the admission of the draft in evidence is sustained and the draft should be returned to counsel. This court has no right or authority to invade the functions of a probate court whose jurisdiction has attached. The only way in which the payment of the claim could have brought the California administrator within the provisions of the controlling statute (sec. 416, supra) would have been for the debt to have been paid before it was filed and allowed as a claim in the probate court and before he delivered his affidavit to the bank with his demand for the money so that his affidavit could have been both truthful and sufficient. Once the lawful right of the Illinois administrator to the fund accrued for the reason that the California administrator could not qualify under the statute to demand and receive the fund from the bank as a matter of right, any interest he might have in the fund as the domiciliary administrator was under the protection of the County Court of Jackson County and cannot be reached through this court.

The claim of the California administrator is denied and that of the Illinois administrator is allowed. Order accordingly. Counsel for the Illinois administrator may prepare and submit separate findings and conclusions and a proposed order, on five days' notice.